■ RYSZARD KIJAK, Appellant, v 330 MADISON AVENUE CORP. et al., Respondents. [675 NYS2d 341] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 10, 1997, which denied plaintiff's motion for summary judgment as to liability under Labor Law § 240, unanimously reversed, on the law, without costs, and plaintiff's motion granted.

Plaintiff, a construction worker employed by an asbestos-abatement contractor, sued the owner and managing agent of the site where he was working, 330 Madison Avenue. After considerable pre-trial discovery regarding the circumstances surrounding the accident, in which plaintiff fell from a stepladder while he attempted to remove a ceiling duct, and the nature of his injuries, plaintiff moved for summary judgment, contend-

ing that defendants were absolutely liable under section 240 (1) of the Labor Law. In denying the motion, the IAS Court held that "a triable issue of fact exists as to [whether or not] at the time of the accident plaintiff was intoxicated and such intoxication was the sole cause of his injuries". Plaintiff's renewal motion was denied.

According to plaintiff, at the time of the accident, he was standing on the fourth rung of a 6 to 7 foot, wooden, A-frame ladder without any protective device such as a safety belt. No one was holding the ladder and there is no evidence that it was chocked or otherwise secured. As plaintiff stood on the ladder, he was holding onto a large rectangular duct, weighing some 50 pounds, which was being shaken as two co-workers tried to jar it loose from a ceiling some 20 feet high. As the co-workers shook the duct, the duct shook plaintiff, which made the ladder wobble. The shaking continued as plaintiff struggled to hold onto the duct and he was knocked off balance and fell from the ladder, which fell after him. Defendants submitted no evidence to controvert plaintiff's version of the accident.

Labor Law § 240 (1) mandates that owners and contractors provide "devices which shall be so constructed, placed and operated as to give proper protection to" persons such as the plaintiff. Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1) (*Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381).

Here, plaintiff was standing on a relatively flimsy ladder, with no other protection, wearing an asbestos-proof suit, and was obliged to stand on the ladder with no means of support while holding a loosened and vigorously shaking 50-pound duct. Contrary to the defense argument in opposition to the appeal, the mere fact that the plaintiff was provided with the ladder does not end the inquiry. Plaintiff proved that a safety violation occurred and the evidence does not suggest any possibility that the fall was caused by something other than the unsafe condition of the ladder. Thus, defendants cannot plausibly argue that the ladder was "constructed, placed and operated as to give proper protection to" plaintiff.

Given that the Labor Law violation was a proximate and substantial cause of plaintiff's injuries, the burden shifts to the defendants (*see, Aragon v 233 W. 21st St.*, 201 AD2d 353, 354) to present non-speculative evidence that would allow a reasonable fact finder to conclude "that plaintiff's actions were the

sole proximate cause of his injuries" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960).

The only such "actions" to which defendants can point are those that allegedly led to the smell of alcohol on plaintiff's breath. Although there is a credibility question as to whether or not plaintiff was drinking at all, defendants offered no evidence of how much plaintiff had to drink, when he drank it, whether or not he was intoxicated, or whether or not his intoxication was even a contributing cause of the fall, let alone the sole cause. It does not matter that plaintiff did not timely give evidence that his level of intoxication was low on the first motion. In opposition to that motion, defendants offered only their counsel's speculation that, since plaintiff apparently had alcohol on his breath at the hospital, his level of intoxication may have been high enough to be the sole cause of his fall. Inasmuch as there is no dispute regarding the facts of the accident, plaintiff's summary judgment motion on the cause of action under Labor Law § 240 (1) cannot be defeated with mere speculation as to plaintiff's alleged intoxication or how the accident might have happened (*see, Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319). Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.