■ Timothy Weber, Appellant, v 1111 Park Avenue Realty Corp. et al., Respondents, et al., Defendants. James Iselin et al., Third-Party Plaintiffs-Respondents, v Painting Plus Corporation, Third-Party Defendant-Respondent. [676 NYS2d 174] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about April 15, 1997, which, *inter alia*, denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, a carpenter in the employ of third-party defendant Painting Plus Corporation, sustained injury while working in the cooperative apartment of codefendants and third-party plaintiffs James and Ruth Iselin. In preparation for installing a sheetrock ceiling, plaintiff attempted to move one of several temporary light cables, installed by defendant Argon Electric Corp., while standing on a wooden A-frame ladder. Plaintiff received an electric shock that caused him to fall from the third step of the ladder, sustaining a complete tear of the anterior cruciate ligament of the left knee. He commenced this action seeking damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6).

Plaintiff moved for summary judgment against defendant 1111 Park Avenue Realty Corp. on the issue of liability under Labor Law § 240 (1). He argued that because there is no question how the accident occurred or that it involved a gravity-related hazard, it falls within the broad protection afforded by the statute. Defendant 1111 Park Avenue Realty Corp. and third-party defendant Painting Plus both submitted applications for summary judgment dismissing the complaint, contending that plaintiff was not engaged in an activity covered by the statute, was not injured due to an elevation risk and failed to demonstrate that the ladder was in any way defective.

Supreme Court denied plaintiff's motion together with the

respective defense motions for summary judgment dismissing the complaint. The court reasoned that plaintiff is required to establish that the violation of Labor Law § 240 (1) was the proximate cause of his injuries. The court relied on the decision of the Appellate Division, Second Department, in *Rice v PCM Dev. Agency Co.* (230 AD2d 898, 899), which holds: "Where a plaintiff is injured in a fall from a ladder, which is not otherwise shown to be defective, the issue of whether the ladder provided the plaintiff with the 'proper protection' required under this statute is a question of fact for the jury".

"Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]). While there is no question in this case that there was "*harm directly flowing from the application of the force of gravity*" (*supra*, at 501; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561 [fall from ladder obviates " 'core' objective of section 240 (1)"]), the question remains whether or not the "protective device proved inadequate" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501) so as to constitute the proximate case of plaintiff's injury as a matter of law (*Avner v 93rd St. Assn.*, 147 AD2d 414, 415, citing *Bland v Manocherian*, 66 NY2d 452).

In similar circumstances, where injury resulted from a fall from a ladder not alleged to be defective in any way, the Court of Appeals recently stated, "a reasonable jury could have concluded that plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, citing *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524). In *Zimmer* (*supra*, at 524), the Court stated, as a general proposition: "the plaintiff is 'required to show that the violation of section 240 of the Labor Law was a contributing cause of [his accident]' (*Phillips v Flintkote Co.*, 89 AD2d 724, 725), and this issue should be determined by the jury * * * If proximate cause is established, the responsible parties have failed, as a matter of law, to 'give proper protection.' " In *Zimmer*, the Court emphasized that a directed verdict on the issue of liability is appropriately limited to those cases in which the only inference to be drawn from the evidence is that a failure to provide appropriate protective devices is the proximate cause of the plaintiff's injuries (65 NY2d, *supra*, at 524 [failure to provide any safety device whatsoever]).

*Gange v Tilles Inv. Co.* (220 AD2d 556) is directly on point. There, the Appellate Division, Second Department, stated (at 558), "the fact that the plaintiff fell off of the ladder only after he sustained an electric shock does not preclude recovery under Labor Law § 240 (1) for injuries sustained as a result of the fall from the ladder (*see, Izrailev v Ficarra Furniture*, 70 NY2d 813). However, the plaintiff is not entitled to summary judgment under Labor Law § 240 (1) as there are questions of fact as to whether, *inter alia*, the ladder, which was not shown to be defective in any way, failed to provide proper protection, and whether the plaintiff should have been provided with additional safety devices". Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.