■ WILLIAM CABAN et al., Respondents, v MARIA ESTELA HOUSES I ASSOCIATES, L.P., et al., Appellants. [882 NYS2d 97]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 14, 2009, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiffs' causes of action under Labor Law § 240 (1) and § 241 (6), and granted plaintiffs' cross motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously modified, on the law, to dismiss the cause of action under Labor Law § 241 (6), and otherwise affirmed, without costs.

The injured plaintiff, a journeyman electrician employed by an electrical contractor retained by defendant building owners and manager, was engaged in repairing malfunctioning exterior floodlights on one side of defendants' building when he

sustained injury as the result of an electric shock that caused him to shake and fall off the ladder he was using to reach one of the lights. With respect to the section 240 (1) claim, the motion court correctly rejected defendants' argument that the work plaintiff was performing was routine maintenance outside the protective scope of the statute. The work, viewed in its totality (*see Fitzpatrick v State of New York*, 25 AD3d 755, 756-757 [2006]), involved much more than simply changing a lightbulb; it required replacement of a photocell, dismantlement of lamp housings and their ultimate rebuilding, replacement of ballasts and bulbs, and the disconnection and reconnection of termination wiring to power sources (*see Rios v WVF-Paramount 545 Prop., LLP*, 36 AD3d 511 [2007]; *Piccione v 1165 Park Ave.*, 258 AD2d 357 [1999], *lv dismissed* 93 NY2d 957 [1999]). With respect to the section 241 (6) claim, that section is "inapplicable outside the construction, demolition or excavation contexts" (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]), and "[t]he Industrial Code definition of 'construction work[ ]' [12 NYCRR 23-1.4 (b) (13)], which includes maintenance [and repair], must be construed consistently with this Court's understanding that section 241 (6) covers industrial accidents that occur in the context of construction, demolition and excavation" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]). Since plaintiff's work was not performed in any such context, we modify to dismiss the section 241 (6) claim. We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ. [*See* 2009 NY Slip Op 30018(U).]