Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 3, 2012, which, insofar as appealed from, as limited by the briefs, granted plaintiffs’ motion for partial summary judgment on the Labor Law § 240 (1) claim as against defendant 337 Greenwich LLC (377 Greenwich), denied 377 Greenwich’s cross motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6) claims as against it, granted defendant/third-party plaintiff Magnetic Construction Group Corp.’s (Magnetic) cross motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it, and denied 377 Greenwich’s cross motion for summary judgment on its common-law and contractual indemnification and breach of contract claims against Magnetic, unanimously affirmed, without costs.
Plaintiffs made a prima facie showing that 377 Greenwich failed to provide the injured plaintiff with an adequate scaffold, *435 which is a safety device under Labor Law § 240 (1), and that as a consequence, he fell and injured himself. It is unrefuted that during an ongoing construction project, plywood sheeting was placed over the planks on the scaffold and that, in one area, there were two planks missing beneath the plywood. The scaffolding law mandates that owners and contractors provide safety devices which shall be so constructed, placed and operated as to give proper protection to persons performing work covered by the statute (Labor Law § 240 [1]). 377 Greenwich had a nondelegable, statutory duty to ensure that the scaffold in use by plaintiff during the course of this construction project was an effective and stable safety device (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996], citing Gordon v Eastern Ry. Supply, 82 NY2d 555, 560-562 [1993]). Since preventing a worker from falling is a core objective of the statute, plaintiff established a violation of section 240 (1) as a matter of law (Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 175 [1st Dept 2004]).
Although 377 Greenwich argues that the planks were improperly removed, or possibly even stolen, by the employees of another contractor, no facts are presented from which to conclude that this was an extraordinary and/or unanticipated intervening act that constituted a superceding cause for plaintiffs injuries (cf. Montgomery v Federal Express Corp., 4 NY3d 805 [2005]). 377 Greenwich’s principal testified that he was aware that other subcontractors on the site were moving and removing construction tools and materials. 377 Greenwich’s characterization of the removal of the planks as a “theft” is entirely speculative and, even if true, does not convert this foreseeable event into a superceding intervening cause (Steinberg v New York City Tr. Auth., 88 AD3d 582 [1st Dept 2011]).
The motion court also correctly determined that the medical records did not create an issue of fact about whether plaintiff actually fell from a scaffold. There is overwhelming evidence, physical as well as testimonial, from both interested and non-interested witnesses, that plaintiff fell from the scaffold. Assuming the physician’s assistant at St. Vincent’s hospital (who admitted she was unfamiliar with the term “scaffolding”) correctly transcribed plaintiffs statement as, “I twisted my ankle coming off the truck,” this lone, uncorroborated statement is not sufficient to raise an issue of fact. Indeed, even if the statement is true, it is well established law that “[t]here may be more than one proximate cause of a workplace accident” (Pardo v Bialystoker Ctr. & Bikur Cholim, 308 AD2d 384, 385 [1st Dept 2003]).
*436 The motion court correctly refused to dismiss the Labor Law § 241 (6) claim against 377 Greenwich. Although Industrial Code (12 NYCRR) § 23-5.1 (c) is insufficiently specific to support a Labor Law § 241 (6) claim, 377 Greenwich failed to establish that the scaffolding planks complied with Industrial Code (12 NYCRR) § 23-5.1 (e), which is a proper predicate for a Labor Law § 241 (6) claim (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). The latter code provision requires, among other things, that scaffolding planks be of a specified width (§ 23-5.1 [e] [5]) and “laid tight” (§ 23-5.1 [e] [1]).
377 Greenwich cross moved to dismiss plaintiffs Labor Law § 200 and common-law negligence claims on the sole ground of lack of notice. Any references in the cross motion to supervision were raised only in connection with relief requested by and against codefendant Magnetic. Plaintiff restricted his arguments only to those raised in 377 Greenwich’s limited cross motion. Consequently, to the extent this accident involves the methods or materials used by plaintiff at the work place, 377 Greenwich never made out a prima facie case entitling it to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see also Raffa v City of New York, 100 AD3d 558 [1st Dept 2012]).
The construction agreement relied on by both 377 Greenwich and Magnetic is unsigned and replete with editorial markings. It does not clearly and unambiguously obligate Magnetic to indemnify the owner, 377 Greenwich (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]). Therefore, the motion court properly denied 377 Greenwich’s cross motion against Magnetic for contractual indemnification.
The motion court also properly denied 377 Greenwich’s cross motion for common-law indemnification against Magnetic, since 377 Greenwich failed to show that plaintiff’s accident was caused by Magnetic’s negligence (see Correia v Professional Data Mgt, 259 AD2d 60, 65 [1st Dept 1999]). Similarly the motion court properly dismissed the Labor Law § 200 and common-law negligence claims against Magnetic as there is no evidence that Magnetic, assumed authority over plaintiffs work or exercised the requisite degree of supervision and control over the work to hold it liable (Hughes v Tishman Constr. Corp., 40 AD3d 305, 306 [1st Dept 2007]).
As to its breach of contract claim against Magnetic, 377 Greenwich failed to identify in its original motion papers the precise contractual provision requiring Magnetic to name it as *437 an additional insured (see Bryde v CVS Pharmacy, 61 AD3d 907, 909 [2d Dept 2009]). The issue, therefore, remains for trial. Concur—Saxe, J.P., Renwick, Freedman, Roman and Gische, JJ. [Prior Case History: 2012 NY Slip Op 30836(U).]