Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered March 28, 2012, which granted defendant Theatre Development Fund, Inc.’s motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240 (1) claims against it, unanimously reversed, on the law, without costs, and the motion denied.
A license agreement between defendant and the owner of the subject premises, the City of New York, acting through the Department of Parks and Recreation, permitted defendant to operate the premises as a ticket stand, and gave defendant the responsibility for supervising the work of all personnel necessary for the operation of this license. It is premature to decide whether defendant was a statutory agent of the City and thus may be held liable under Labor Law § 240 (1) (see Tuccillo v Bovis Lend Lease, Inc., 101 AD3d 625 [1st Dept 2012]; Weber v Baccarat, Inc., 70 AD3d 487 [1st Dept 2010]), regardless of whether plaintiff’s employer was hired directly by the City rather than by defendant. We do not reach defendant’s unpre *408 served, contention that the dismissal of the section 240 (1) claim should be affirmed on the alternative ground that plaintiff’s cleaning work was not a covered activity under the statute, “since the issue is not a purely legal issue apparent on the face of the record but requires for resolution facts not brought to plaintiffs attention on the motion” (Botfeld v Wong, 104 AD3d 433, 434 [1st Dept 2013]; see Soto v J. Crew Inc., 21 NY3d 562 [2013]).
Plaintiff’s common-law negligence and Labor Law § 200 claims were prematurely dismissed before depositions were taken. The contractual provisions requiring defendant to supervise and control the work, though “not in themselves sufficient to justify holding [defendant] liable for the alleged inadequacy” of the ladder, “do furnish cause to believe that further discovery may lead to evidence that [defendant’s] employees did exercise actual supervision or control over plaintiffs worksite” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 506 [1993]). Defendant’s submission of affidavits broadly disclaiming any supervisory control over plaintiff’s work were insufficient to establish defendant’s entitlement to judgment as a matter of law on these claims (see id.).
We also note that conflicting affidavits raise an issue of fact as to whether a bailment was created by defendant’s loan of the allegedly defective ladder to plaintiff. Such a bailment could give rise to liability for common-law negligence if defendant provided plaintiff with dangerous equipment even if its defect was patent (see Beazer v New York City Health & Hosps. Corp., 76 AD3d 405 [1st Dept 2010], affd 18 NY3d 833 [2011]). Concur — Tom, J.E, Saxe, DeGrasse, Richter and Clark, JJ.