■ STEPHEN SICILIA, Plaintiff, v CITY OF NEW YORK et al., Appellants, and JB ELECTRIC LLC, Respondent. [8 NYS3d 177]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered November 22, 2013, which, insofar as appealed from, denied defendants City of New York, New York City Transit Authority and Vertex Engineering Services's motion for summary judgment on Vertex's cross claims against defendant JB Electric LLC for contractual indemnification and breach of contract and for leave to amend their answer to assert cross claims by the city defendants against JB for contractual indemnification and breach of contract, unanimously affirmed, without costs.

Summary judgment on Vertex's contractual indemnification claim against JB is precluded by triable issues of fact whether JB was responsible for providing temporary lighting in the elevator shaft where plaintiff tripped and fell and whether it caused the extension cord of the drop light in the shaft to become unplugged (*see Miano v Battery Place Green LLC*, 117 AD3d 489 [1st Dept 2014]; *Beltran v Navillus Tile, Inc.*, 108 AD3d 414, 416 [1st Dept 2013]).

The city defendants' proposed cross claims against JB for contractual indemnification and breach of a contractual obligation to procure insurance on their behalf "plainly lack[ ] merit" (*Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]). The contractual provisions on which they rely are found in a subcontract to which they are not signatories and that does not enumerate them as indemnitees. Moreover,

the subcontract expressly precludes a finding that the city defendants are third-party beneficiaries (*see Naughton v City of New York*, 94 AD3d 1, 12 [1st Dept 2012]; *Adams v Boston Props. Ltd. Partnership*, 41 AD3d 112 [1st Dept 2007]).

The court correctly denied the city defendants and Vertex's motion for summary judgment on Vertex's cross claim against JB for breach of a contractual requirement to obtain insurance, since the separate "Construction Contract" pursuant to which the subcontract imposed the obligation was not submitted in support of the motion. In any event, the evidence these defendants rely on—JB's vice president's testimony in response to a present-tense question about JB's general practice and a denial of coverage letter from the insurer—does not establish that JB failed to procure any required insurance (*see Perez v Morse Diesel Intl., Inc.*, 10 AD3d 497 [1st Dept 2004]). Defendants-appellants improperly argue for the first time in their reply brief that the motion court should have considered a contract outside the record. Were we to consider this belatedly raised argument, we would find it unavailing.

Defendants-appellants contend that the motion court erred in denying their motion for summary judgment on their common-law indemnification and contribution claims. However, their motion papers demonstrate that they did not move for summary judgment on those claims.

We have considered defendants-appellants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.