(January 14, 2016)

■ JUSTIN NAZARIO, Appellant, v 222 BROADWAY, LLC, et al., Respondents. 222 BROADWAY, LLC, et al.,Third-Party Plaintiffs-Respondents, v KNIGHT ELECTRICAL SERVICES CORP., Third-Party Defendant-Respondent-Appellant. (And Other Third-Party Actions.) [23 NYS3d 192]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 7, 2014, which denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims, and, upon a search of the record, dismissed those claims, and granted defendants' motions for summary judgment on their contractual indemnification claims against third-party defendant, modified, on the law, to reinstate the Labor Law § 240 (1) claim and grant plaintiff's motion for partial summary judgment on that claim, and to deny defendant 222 Broadway, LLC's (Broadway) motion for summary judgment on its contractual indemnification claim, and otherwise affirmed, without costs.

The motion court erred in dismissing the Labor Law § 240 (1) claim on the ground that third-party defendant (Knight) exclusively supervised and controlled plaintiff's work. "[O]wners or contractors not actually involved in construction can be held liable, regardless of whether they exercise supervision or control over the work" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003] [internal quotation marks and citation omitted]). Contrary to the motion court's reading of *Blake*, the duties of the owner and contractor cannot be delegated (*id.* at 286-287).

Plaintiff established prima facie that the ladder from which he fell did not provide adequate protection pursuant to Labor Law § 240 (1). The evidence, including testimony from disinterested coworkers, shows that plaintiff was performing electrical work as part of a retrofitting or renovation, and was reaching up while standing on the third or fourth rung of a six-foot A-frame wooden ladder, when he received an electric shock from an exposed wire. He fell to the floor, holding the ladder, which remained in an open, locked position when it landed (*see Vukovich v 1345 Fee, LLC*, 61 AD3d 533 [1st Dept 2009] [summary judgment granted on Labor Law § 240 [1] claim, where plaintiff fell from an unsecured ladder after receiving electric shock while working as a pipe fitter]). While, as our concurring colleague points out, the ladder itself may not have been defective, it is not a requirement that a worker injured by a fall from an elevated height demonstrate that the safety device was defective or failed to comply with safety regulations (*see Williams v 520 Madison Partnership*, 38 AD3d 464, 465 [1st Dept 2007], citing *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]). The worker's burden is to show that the absence of adequate safety devices, or the inadequacy of the safety devices provided to protect the worker from a fall, was a proximate cause of his or her injuries (*see Smith v Hooker Chem. & Plastics Corp.*, 70 NY2d 994, 995 [1988] [absence of any safety device]; *Rodriguez v Forest City Jay St. Assoc.*, 234 AD2d 68 [1st Dept 1996] [inadequate safety device]).

For instance, in *Felker v Corning Inc.* (90 NY2d 219, 224 [1997]), the Court analyzed two different elevation-related risks involved in the accident of a worker who, while painting an alcove area, fell from his ladder over an alcove wall and through a suspended ceiling. The first risk identified by the Court, the inherent risk caused by raising the worker to a height above the alcove wall, was sufficiently addressed by the defendants who provided a stepladder as an enumerated safety device, and there were no allegations that it "was defective, that it slipped, tipped, was placed improperly or otherwise failed to support plaintiff" (*id.*). The second risk was that the worker needed to reach over the alcove to paint in an elevated open area; for this task, there was a "complete failure to provide any safety device," and there was no view of the evidence which could lead to the conclusion that the absence of a safety device, violating Labor Law § 240 (1), was not the proximate cause of the accident (*id.* at 225).

*Blake v Neighborhood Hous. Servs.*, as noted by our concurring colleague, cautions that a case brought under Labor Law

§ 240 (1) must show both a statutory violation, which includes the failure to provide a sufficient safety device, and that the violation was a contributing factor to the injury (1 NY3d at 289). The mere fact that a worker falls from a ladder or a scaffolding is not enough, by itself, to establish that the device did not provide sufficient protection (*id.* [citations omitted]). The worker must show that Labor Law § 240 (1) was violated and the violation was a proximate cause of the injury (*id.*). In *Blake*, the plaintiff injured his ankle when the upper portion of his extension ladder retracted while he was using it; he testified that the ladder was stable and in proper working condition, and that he was not sure he had locked the extension clips in place before he ascended (*id.* at 283-284). Because the jury held that the ladder was adequate to have provided the necessary protection from a fall, the accident happened solely because of the way plaintiff used the ladder (*id.* at 284). The sole proximate cause of the accident was his negligence (*id.* at 290).

Where a plaintiff makes a prima facie showing that a sufficient safety device was not provided, and its absence was a contributing factor to the injury, the burden shifts to the defendant to show that there is a plausible view of the evidence that there was no statutory violation and that the plaintiff's own acts or omissions were the sole cause of the accident (*Blake* at 289 n 8, citing *Klein v City of New York*, 89 NY2d 833, 835 [1996]).

Here, plaintiff was injured when he was jolted by the electrical charge and although he hung onto the ladder, because it was not secured to something stable, it and he fell to the ground (*see Vukovich v 1345 Fee, LLC*, 61 AD3d at 533; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [1st Dept 2004]; *Wasilewski v Museum of Modern Art*, 260 AD2d 271, 271 [1st Dept 1999]; *see also Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153 [1st Dept 1998] ["well settled that failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)"]).[1] The lack of a secure ladder is a violation of Labor Law § 240 (1), and is a proximate cause of the accident (*see Wise v 141 McDonald Ave.*, 297 AD2d 515, 516 [1st Dept 2002]).

Our conclusion follows the reasoning in *Blake*, and is in harmony with our decision in *DelRosario v United Nations*

---

1. We note that one of plaintiff's coworkers averred that none of the workers, including plaintiff, was provided a safety belt, possibly an additional safety device to use while working on the ladders (*id.*).

*Fed. Credit Union* (104 AD3d 515 [1st Dept 2013]), where we held that the ladder on which the plaintiff was working was inadequate to prevent him from falling when he was struck by a live electrical wire and, as he pulled away from the wire, the ladder "wobbled and moved" and caused him to lose his balance and fall (*id.* at 515). In *DelRosario*, the inadequacy of the ladder was held to be a proximate cause of his injury (*id.*). We therefore disagree with our concurring colleague that our holding in *DelRosario* has caused a split among the Appellate Divisions or deviates from the teachings of the Court of Appeals.

Defendants' arguments that plaintiff caused his own injuries by working on the fixture without protective gloves before the power supply was turned off could at most establish comparative negligence, which is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Nor is there an issue of fact whether plaintiff's injuries were caused by a fall from a ladder. Notwithstanding that the records of plaintiff's visit to the emergency room refer merely to electrocution-related injuries without mentioning a fall from a ladder, and that plaintiff wrote on a medical form months later that his back injuries may have been caused by his lifting a machine and falling from a ladder, the evidence–which includes plaintiff's, his coworker's, and his foreman's testimony –that he sustained his injuries in falling from a ladder is overwhelming (*see Susko v 337 Greenwich LLC*, 103 AD3d 434 [1st Dept 2013]).

Knight's argument that plaintiff was not engaged in a activity covered by Labor Law § 240 (1) is unpreserved, and we decline to consider it. Contrary to Knight's contention, this "is not a purely legal issue apparent on the face of the record but requires for resolution facts not brought to plaintiff's attention on the motion" (*Rodriguez v Coalition for Father Duffy, LLC*, 112 AD3d 407, 408 [1st Dept 2013] [internal quotation marks omitted]).[2]

In light of our grant of partial summary judgment to plaintiff on his Labor Law § 240 (1) claim, we do not reach the issue whether the court correctly dismissed the Labor Law § 241 (6)

---

2. The concurring opinion questions whether any type of safety devices enumerated in Labor Law § 240 (1), could adequately protect against the force of electricity which is capable of knocking down a worker from any location. It queries whether the Legislature intended that Labor Law § 240 (1), designed to protect workers from the danger posed by the force of gravity, should be applied to the danger represented by the force of electricity. There is nothing to suggest, however, that falls from elevated surfaces following contact with live electricity, should be carved out from the statute.

claim (*see Fanning v Rockefeller Univ.*, 106 AD3d 484, 485 [1st Dept 2013]).

Defendants Lime Energy Co. (Lime) and Jones Lang Lasalle Americas, Inc. (Jones) are entitled as a matter of law to contractual indemnification by Knight, since plaintiff's injuries arose out of the "Work" performed under the subcontract between Lime and Knight, which obligated Knight to indemnify Lime, and Jones as Lime's "client," for claims, liability, losses, and expenses "arising from the Work performed hereunder," and, in light of the unchallenged dismissal of the Labor Law § 200 and common-law negligence claims against said defendants, their liability is purely vicarious (*see Rainer v Gray-Line Dev. Co., LLC*, 117 AD3d 634 [1st Dept 2014]). Contrary to Knight's contention, the indemnity provision is not void under General Obligations Law § 5-322.1 because it requires Knight to indemnify Lime for its own negligence, since Lime was free of negligence (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]).

Broadway is not entitled to contractual indemnification by Knight since the indemnification clauses on which it relies are contained in contracts to which it was not a signatory and in which it was not named as an indemnitee (*see Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]; *Sicilia v City of New York*, 127 AD3d 628 [1st Dept 2015]). Nor is there any basis for a finding that Lime and Knight intended Broadway to be a third-party beneficiary of their subcontract, which referred to a different entity as the property owner and did not mention Broadway (*see Naughton v City of New York*, 94 AD3d 1, 12 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.

Tom, J.P., concurs in a separate memorandum as follows: While I disagree with the majority's ruling and find there is a question of fact preventing the award of partial summary judgment on plaintiff's Labor Law § 240 (1) claim, I am constrained, based on this Court's precedent, to concur with the court's final disposition. In *Vukovich v 1345 Fee, LLC* (61 AD3d 533 [1st Dept 2009]), we awarded summary judgment as to liability to a pipe fitter who fell from a ladder after receiving an electric shock, reasoning that "[t]he ladder provided to plaintiff was inadequate to prevent him from falling . . . and was a proximate cause of his injuries" (*id.* at 534). In *Caban v Maria Estela Houses I Assoc., L.P.* (63 AD3d 639, 639 [1st Dept 2009]), we upheld the award of summary judgment to an electrician

who similarly sustained injury when he fell from a ladder as the result of an electric shock while "repairing malfunctioning exterior floodlights," rejecting the defendants' contention that the work was mere routine maintenance not covered by the statute. We previously held that the activity in which plaintiff was engaged at the time of injury—replacing ballasts in lighting fixtures—constitutes the repair of a building or structure within the contemplation of the statute (*Piccione v 1165 Park Ave.*, 258 AD2d 357 [1st Dept 1999], *lv dismissed* 93 NY2d 957 [1999]).

Relying on *Vukovich* and *Caban*, plaintiff postulates that because he fell from a ladder after receiving an electric shock from an exposed wire, it is axiomatic that the ladder on which he was standing failed to afford him with the necessary protection required by Labor Law § 240 (1). Plaintiff concedes in his brief that the ladder furnished to him was not defective and that the several accounts he gave of the manner in which he sustained injury are inconsistent. Nevertheless, he asserts that "[d]espite there being no apparent defects in the A-frame ladder from which plaintiff fell, and despite plaintiff's various and conflicting explanations on [sic] what caused him to fall, the fact that the ladder failed to protect him from falling was sufficient to establish liability in his favor under Labor Law § 240 (1)." While defendants devoted the bulk of their moving papers to the matter of indemnification, third-party defendant Knight Electrical Services Corp. did take issue with plaintiff's contention, expressly stating that defendants cannot be held statutorily liable if the ladder was not shown to be defective.

This Court has held that recovery under Labor Law § 240 (1) is available where "[t]he record establishes that the ladder provided to plaintiff was inadequate to the task of preventing his fall when he came into contact with the exposed wire and was a proximate cause of his injury" (*DelRosario v United Nations Fed. Credit Union*, 104 AD3d 515, 515 [1st Dept 2013]). Thus, our precedent supports plaintiff's stated basis for summary judgment as to liability. That said, this Court's precedent cannot be reconciled with that of the Court of Appeals, which has made clear that merely because a worker falls from a safety device does not mean that, under a principle of strict liability, recovery under the statute is available. In *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280, 288 [2003]), the Court of Appeals cautioned against "the mistaken belief that a fall from a scaffold or ladder, in and of itself, results in an award of damages to the injured party" (*see also Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [3d Dept 1995]).

This pronouncement is clearly inimical to plaintiff's chief contention that the failure of the ladder to prevent his fall is sufficient to establish defendants' liability. To the contrary, as the majority here recognizes, the Court of Appeals instructs that in the absence of a statutory violation and any demonstration that the violation was a contributing cause of the fall, no prima facie violation of Labor Law § 240 (1) is made out (*Blake*, 1 NY3d at 289); and in the absence of a prima facie case, plaintiff is not entitled to summary judgment irrespective of the strength of defendants' opposition (CPLR 3212 [b]; *Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]).

The majority correctly notes that a worker injured by a fall from an elevated height is not necessarily required to show that the safety device provided was defective, and must instead show that the absence of adequate safety devices or the inadequacy of the devices provided was a proximate cause of his or her injuries. Yet the majority holds defendants liable under Labor Law § 240 (1) absent any proof that the safety device provided was a proximate cause of plaintiff's injuries.

While failure to supply any safety device whatsoever constitutes a violation of the statute, record evidence is required to establish the need for such protective device, a point made plain in *Izrailev v Ficarra Furniture of Long Is.* (70 NY2d 813, 815 [1987]), in which the trial record contained "unrebutted proof" that the plaintiff's decedent should have been provided with various items necessary to perform electrical work on a malfunctioning sign. Likewise, in *Quackenbush v Gar-Ben Assoc.* (2 AD3d 824, 825 [2d Dept 2003]), "unrebutted evidence" established that defendants failed to provide the plaintiff with proper protection to prevent a fall after sustaining an electric shock. Here, the record on appeal contains no such unrebutted evidence, prompting plaintiff's resort to the conclusory assertion that the mere fact he fell from a ladder establishes that the safety devices furnished to him were inadequate to provide proper protection, the very proposition rejected in *Blake* (1 NY3d at 288-289), which the majority concedes. Indeed, to recover under the statute, "a worker must demonstrate the existence of an elevation-related hazard contemplated by the statute and a failure to provide the worker with an adequate safety device" (*Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]).

To be clear, prior to this Court's holdings in *Vukovich* and *DelRosario*, all four Departments were unanimous in finding that a question of fact exists on the issue of liability under Labor Law § 240 (1) when a plaintiff worker falls from an

A-frame stepladder as a result of an electrical shock, and where there is no evidence the ladder is defective and no record evidence of the need for another device (*see Grogan v Norlite Corp.*, 282 AD2d 781 [3d Dept 2001]; *Donovan v CNY Consol. Contrs.*, 278 AD2d 881 [4th Dept 2000]; *Weber v 1111 Park Ave. Realty Corp.*, 253 AD2d 376, 378 [1st Dept 1998]; *Gange v Tilles Inv. Co.*, 220 AD2d 556, 558 [2d Dept 1995]).

The reason for this unanimity is obvious: It flows from the Court of Appeals holdings in *Blake* and *Izrailev*. As the Third Department remarked in *Grogan*, "where, as here, there is no evidence that the ladder slipped, collapsed or was otherwise defective, the question of whether the ladder provided proper protection is a factual one and neither the injured worker nor the owner is entitled to summary judgment on a Labor Law § 240 (1) claim" (282 AD2d at 782).

Notably, in *Gange*, which this Court quoted approvingly in *Weber*, the Second Department elaborated: the fact that the plaintiff fell off of the ladder only after he sustained an electric shock does not preclude recovery under Labor Law § 240 (1) for injuries sustained as a result of the fall from the ladder (*see Izrailev v Ficarra Furniture of Long Is.*, 70 NY2d 813 [1987]). However, the plaintiff is not entitled to summary judgment under Labor Law § 240 (1) as there are questions of fact as to whether, inter alia, the ladder, which was not shown to be defective in any way, failed to provide proper protection, and whether the plaintiff should have been provided with additional safety devices (220 AD2d at 558).

Thus, this Court's more recent precedent represents a clear split in appellate authority with both the Court of Appeals and the three other Departments, a fact that the majority, despite its hesitance to do so, must accept.

In short, pursuant to the Court of Appeals holdings and those of the three other Departments, for plaintiff to prevail in this matter he must present evidence—for example from an expert—that he should have been provided with additional safety devices and that the failure to do so was a contributing cause of the accident. Indeed, this is precisely the type of proof put forward in both *Izrailev* and *Quackenbush*.

Moreover, whether a violation of section 240 (1) was a contributing cause of the accident is generally a jury question (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]), and "a directed verdict on the issue of liability is appropriately limited to those cases in which the only inference to be drawn from the evidence is that a failure to provide appropriate protective devices is the proximate cause of the

plaintiff's injuries" (*Weber*, 253 AD2d at 377, citing *Zimmer* at 524). Because more evidence is needed to determine whether plaintiff should have been provided with additional safety devices, it would be inappropriate to draw such an inference from the evidence presented thus far.

Accordingly, the majority's reliance on cases not involving an electric shock and which focus on unsecured ladders which were clearly inappropriate for the worker's task are not on point nor particularly helpful (*see e.g. Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152 [1st Dept 1998]).

While the majority notes that in *DelRosario* the inadequacy of the ladder was found to be a proximate cause of the plaintiff's injury, the point is that such holding is contrary to the authority requiring further evidence of the need for additional safety devices (*see Izrailev*, 70 NY2d 813) or finding that in the absence of such evidence an issue of fact is presented (*see Grogan*, 282 AD2d 781).

Contrary to the majority's implication, I am not suggesting that all falls from elevated surfaces following contact with live electricity be carved out of the protections of Labor Law § 240 (1). On the other hand, I am suggesting that the majority's holding here and our precedents in *DelRosario* and *Vukovich* have created a special class of decisions which, contrary to the foundational Court of Appeals holdings in this area, remove a plaintiff's quintessential burden to establish causation under the Labor Law. Here, the majority grants plaintiff summary judgment under section 240 (1) solely upon plaintiff's fall from a ladder after receiving an electric shock from an exposed wire without proof that the ladder was a contributing cause of plaintiff's injuries. The purpose of Labor Law § 240 (1) was to protect workers with safety devices working in elevated work sites and not to dispense with a party's burden of proof.

As a further consideration, in cases where a risk due to an elevation-related hazard is demonstrated, recovery is predicated on the rationale that "one or more devices of the sort listed in section 240 (1) would allegedly have prevented the injury" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). In this matter, it is "uncontroverted fact that plaintiff's fall was initially precipitated by a shock from an exposed wire." Plaintiff concedes that his fall was not the result of any defect in the ladder and, indeed, has identified none. Unaddressed by the parties and not reached in any of the cases dealing with falls involving electric shocks is the question of whether the Legislature intended that a statutory provision designed to protect the worker from the danger posed by the force of grav-

ity (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]) should be applied to the danger represented by the force of electricity. Put differently, it is far from clear that the provision of a device enumerated in Labor Law § 240 (1), or any similar safety device, would adequately protect against a force quite capable of knocking a worker from even the best ladder or scaffold, as this matter illustrates. As noted in *Narducci v Manhasset Bay Assoc.* (96 NY2d 259, 267 [2001], quoting *Rocovich*, 78 NY2d at 513 [external quotation marks omitted]), even "a violation of [Labor Law § 240 (1)] cannot 'establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury.' "