| |
|---|
| **Martinez v 1380 Hous. Dev. Fund Corp.** |
| 2024 NY Slip Op 30805(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158506/2016 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO       PART       33M

                         *Justice*

-------------------------------------------------------------------X

JOSHUA MARTINEZ,

                   Plaintiff,

- v -

1380 HOUSING DEVELOPMENT FUND CORPORATION,
WINNRESIDENTIAL (NY) LLC,WFHA KING BOULEVARD
L.P., INFINITI ESC PLUMBING CORP., ERIN
CONSTRUCTION AND DEVELOPMENT CO., INC.,EASCO
BOILER CORP.

                   Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158506/2016 |
| MOTION DATE | 01/26/2023 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 1, 49, 54, 58,178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 209, 210, 233, 234, 235, 236, 237, 238, 244, 248, 249, 250, 251, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 291, 297, 298, 299, 306, 312, 313, 318

were read on this motion to/for             JUDGMENT - SUMMARY          .

Upon the foregoing documents, and after oral argument which took place on August 29, 2023 with Xavier Johnson, Esq. appearing for Plaintiff Joshua Martinez ("Plaintiff"), Peter C. Lucas, Esq. appearing for Defendant Erin Construction & Development Co., Inc. ("Erin"), and Courtney Swartz appearing for Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation ("1380"), WFHA King Boulevard L.P. ("WFHA"), and Winnresidential (NY) LLC ("Winn")(together the "1380 Defendants")(1380 Defendants and Erin hereinafter referred to collectively as "Defendants"), the 1380 Defendants' motion for an Order granting summary judgment in favor of 1380 Defendants, (1) dismissing Plaintiff Joshua Martinez's ("Plaintiff") common law negligence claims, Labor Law § 200 claim and Labor Law 241(6) claims; (2) granting the 1380 Defendants summary judgment on their cross-claim for contractual and/or common law indemnification and for breach of contract as against Defendant Erin Construction Development

[* 1]

1 of 12

Co., Inc. ("Erin"); and (3) dismissing Erin's cross-claims for common law indemnification and contribution against the 1380 Defendants. is granted in part and denied in part. Plaintiff's cross-motion for an Order granting Plaintiff summary judgment against the 1380 Defendants and Defendant Erin (together "Defendants") on Plaintiff's Labor Law 240(1) claim is denied.

## I. Background and Procedural History

The procedural and factual background of this case was recited in the Decision and Order of this Court dated March 7, 2024 (NYSCEF Doc. 318) which is hereby incorporated by reference. For convenience, a synopsis of the procedural history relevant to this motion is provided herein.

Plaintiff commenced the within Labor Law action by filing a Summons and Verified Complaint on October 10, 2016 (NYSCEF Doc. 1). Subsequently, Plaintiff filed an Amended Complaint on February 12, 2018 alleging violations of Labor Law Sections 240(1), 241(6), and 200 (NYSCEF Doc. 49).

On April 24, 2018, Erin filed a Verified Amended Answer asserting cross-claims against the 1380 Defendants, Infiniti Esc Plumbing Corp., Windsor Mechanical Corporation ("Windsor"), EASCO Boiler Corp and Erin for contractual and common-law indemnification and breach of contract (NYSCEF Doc. 54).[1]

On June 13, 2018, the 1380 Defendants filed a Verified Answer asserting cross-claims against Co-Defendants Infinity, Windsor, Erin, and Easco for contractual and common-law indemnification and contribution, and breach of contract (NYSCEF Doc. 58).

---

[1] Plaintiff's claims were discontinued as against Defendant Windsor by Stipulation of Discontinuance dated March 15, 2017 (NYSCEF Doc. 209). Plaintiff's claims were subsequently discontinued as against Defendants Infinity and Easco pursuant to Stipulations of Discontinuance dated October 23, 2020 and April 20, 2020, respectively (NYSCEF Doc. 210).

On January 26, 2023 the 1380 Defendants brought the instant motion for an Order granting summary judgment in favor of the 1380 Defendants (1) dismissing Plaintiff's claims under Labor Law 200 and 241(6)[2], as well as common law negligence as against the 1380 Defendants; (2) granting the 1380 Defendants summary judgment against Defendant Erin on their cross-claims for contractual and/or common law indemnification and breach of contract; and (3) dismissing Defendant Erin's cross-claims as against the 1380 Defendants (NYSCEF Doc. 178). On February 14, 2023, Plaintiff filed a cross-motion for an Order granting Plaintiff summary judgment against the Defendants on their Labor Law 240(1) claims (NYSCEF Doc. 234).

## II.  Discussion

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

*[The remainder of this page is intentionally left blank]*

---

[2] Plaintiff's Labor Law 241(6) claims were previously dismissed pursuant to this Court's Decision and Order on Motion Sequence 5 dated March 7, 2024 (NYSCEF Doc. 318). As such, the 1380 Defendants' motion to dismiss Plaintiff's Labor Law 241(6) claims is denied as moot.

[* 3]

A. The 1380 Defendants' Motion for Summary Judgment Dismissing Plaintiff's Common Law Negligence and Labor Law 200 Claims as Against the 1380 Defendants is Granted

Section 200 of the Labor Law "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work." (*Comes v N.Y. State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

The First Department has held that to prevail on a claim pursuant to Labor Law 200 or common law negligence a "plaintiff must demonstrate that defendant had the authority to 'control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1ˢᵗ Dept 2005] citing (*Rizzuto v L.A. Wenger Contr. Co.* 92 NY2d 343, 352 [1998]). Further, it is well established that on a motion for summary judgment, a plaintiff abandons a claim by failing to address in its opposition papers the defendant's arguments in support of its motion seeking dismissal of that claim (see *Jamie Ng v NYU Langone Med. Ctr.*, 157 AD3d 549, 550 [1st Dept 2018] holding that "Plaintiff's failure to oppose so much of the motion as sought dismissal of the lack of informed consent claim, constituted an abandonment of the claim") (see also *Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016] holding that "Plaintiff abandoned his claim against the individual police officer by failing to oppose that part of the motion to dismiss the claim as against him").

Here, the 1380 Defendants contend that they are entitled to summary judgment dismissing Plaintiff's labor law 200 and common law negligence claims "since there is no evidence and no issues of fact that the 1380 Defendants did not supervise, direct, or control the means and methods of the plaintiff's work, nor did the 1380 Defendants cause or create the alleged defective condition" (NYSCEF Doc. 180 at ¶ 57). Plaintiff declined to oppose the portion of 1380 Defendants' motion seeking dismissal of Plaintiff's claim for common law negligence (NYSCEF Doc. 260). Further,

in response to the 1380 Defendants' motion, Plaintiff "agree[d] to discontinue the common law and Labor Law § 200 claims as against the 1380 [Defendants]" (NYSCEF Doc. 248 at ¶ 7).

Accordingly, Plaintiff's Labor Law 200 and common law negligence claims are dismissed as against the 1380 Defendants.

> B.  The 1380 Defendants' Motion for Summary Judgment Against Defendant Erin on their Cross-Claims for Contractual/Common Law Indemnification and Breach of Contract Claims is Denied

Erin failed to submit any opposition to the 1380 Defendants motion for summary judgment. However, the First Department has held that "where a party fails to submit opposition to a motion for summary judgment, the court is required to 'assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law" (*Ramos v City of New York*, 61 AD3d 51, 57 [1st Dept 2009] quoting *Vt. Teddy Bear Co. v 1-800 BEARGRAM Co.*, 373 F3d 241, 244 [2d Cir 2004]).

> i.  The 1380 Defendants' Motion for Summary Judgment Against Defendant Erin on their Cross-Claims for Common Law Indemnification is Denied

It is well established that a claim for common law indemnification should be dismissed where the defendant "was not actively at fault in bringing about the damages caused to plaintiff…and it did not exercise actual supervision or control over the damage producing work" (*87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540, 542 [1st Dept 2014]). As stated in this Court's Decision and Order on Motion Sequence 5 dated March 7, 2024, "material questions of fact remain regarding whether or not Plaintiff's injury causing work was within the scope of the chimney installation work designated to Windsor by Erin, and thus, whether Erin possessed the requisite authority to control the injury causing activity" (NYSCEF Doc. 318 at 8). Accordingly, the 1380 Defendants motion for summary judgment against Erin on their cross-claim for common law indemnification is denied.

INDEX NO. 158506/2016

RECEIVED NYSCEF: 03/13/2024

ii.    The 1380 Defendants' Motion for Summary Judgment Against Defendant Erin on their Cross-Claim for Contractual Indemnification is Denied

Preliminarily, the 1380 Defendants' motion for summary judgment against Erin on the 1380 Defendants' cross-claims for contractual indemnification is not opposed. Erin failed to submit any papers in opposition to the 1380 Defendants' motion, and although Plaintiff submitted papers in partial opposition to the 1380 Defendants' motion, Plaintiff explicitly states that "plaintiff takes no position concerning the contractual claims and the obligations to defend and indemnity" (NYSCEF Doc. 248 at ¶ 5).

The Court of Appeals has held that "[a] party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987] quoting *Margolin v New York life Ins. Co.*, 32 NY2d 149, 153 [1973]).

Here, the 1380 Defendants contend that they are entitled to contractual indemnification from Erin pursuant to a Standard Form of Agreement Between Owner and Contractor (the "Contract"), executed by WFIIA as Owner and Erin as Contractor (NYSCEF Doc. 187 at 66).

*[The remainder of this page is intentionally left blank]*

[* 6]

With respect to indemnification, Section 3.18.1 of the Contract states that:

> To the fullest extent permitted by law the Contractor [Erin Construction] shall indemnify and hold harmless the Owner [1380 Defendants], Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder (NYSCEF Doc. 187 at 43).

The 1380 Defendants contend that the indemnification provision in the Contract is triggered because Plaintiff's incident arose out of the work that Erin subcontracted out to Windsor, and Plaintiff's injuries were due to the negligence of Windsor (NYSCEF Doc. 181 at 8). However, as outlined in the Court's Decision and Order on Motion Sequence 5 (NYSCEF Doc. 318), material questions of fact remain regarding whether Plaintiff's injury causing work was within the scope of the chimney installation work designated to Windsor by Erin. Accordingly, the 1380 Defendants motion for summary judgment against Erin on their cross-claim for contractual indemnification is denied.

        iii.    The 1380 Defendants Motion for Summary Judgment Against Erin on the 1380 Defendants' Cross-Claim for Breach of Contract is Denied

It is well established that "[a] party moving for summary judgment on its claim for failure to procure insurance meets its *prima facie* burden by establishing that a contract provision requiring the procurement of insurance was not complied with....The burden then shifts to the opposing party, who may raise an issue of fact by tendering the procured insurance policy in opposition to the motion" (*Benedetto v Hyatt Corp.*, 203 AD3d 505, 506 [1st Dept 2022]).

[* 7]

Pursuant to the Section 11.1.1 of the Contract between Erin and the WFHA, Erin was obligated to procure insurance for the benefit of the 1380 Defendants (NYSCEF Doc. 187 at 55). Specifically, the Contract states that:

> [T]he Contractor shall purchase from and maintain in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located such insurance as will protect the Contractor from claims set forth below which may arise out of or result from the Contractor's operations and completed operations under the Contract and for which the Contractor may be legally liable, whether such operations be by the Contractor or by a Subcontractor or by anyone directly or indirectly employed by any of them, or by anyone for whose acts any of them may be liable (NYSCEF Doc. 187 at 55).

The Certificate of Insurance issued to Erin indicates that WFHA is named as an additional insured under Erin's applicable policy (NYSCEF Doc. 187 at 83). Despite this, the 1380 Defendants contend that Erin "has failed to defend and provide additional insured coverage to the 1380 Defendants," in breach of the Contract (NYSCEF Doc. 181 at 11).

The First Department has held that an insurer's refusal to indemnify or tender coverage is not proof of a failure to procure insurance (*see Sicilia v City of New York*, 127 AD3d 628 [1st Dept 2015]). As the 1380 Defendants' claim for breach of contract against Erin is solely based on Erin's alleged "failure to defend and provide additional insured coverage," the 1380 Defendants have not met their *prima facie* burden of establishing that a contract provision requiring the procurement of insurance was not complied with. Accordingly, the 1380 Defendants' motion for summary judgment against Erin on the 1380 Defendants cross-claim for breach of contract for failure to procure insurance, is denied.

*[The remainder of this page is intentionally left blank]*

[* 8]

C. The 1380 Defendants' Motion for Summary Judgment Dismissing Erin's Cross-Claims for Common Law Indemnification and Contribution is Denied

The First Department has held that a defendant is entitled to summary judgment dismissing a cause of action for common law indemnification when either 1) the party seeking indemnification was itself negligent, or 2) the defendant is free from negligence (*Correia v Professional Data Mgmt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999] (holding that "the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident"). Further, the Court of Appeals has held that "[a] claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person" (*Smith v Sapienza*, 52 NY2d 82, 87 [1981]).

Here, the 1380 Defendants argue that they are entitled to dismissal of Erin's cross-claims for common law indemnification and contribution because "[t]here is no active negligence on the part of the 1380 Defendants, [and] Erin Construction was demonstrably negligent" (NYSCEF Doc. 181 at 12).

This Court's Decision and Order on Motion Sequence 005 (NYSCEF Doc. 318) denied Plaintiff's cross-motion for summary judgment against the 1380 Defendants for violation of their statutory duties imposed by Labor Law 240(1) on the ground that material questions of fact remain regarding the source of Plaintiff's injuries (NYSCEF Doc. 318 at 10-12). Without a resolution of this factual issue, the 1380 Defendants cannot sufficiently demonstrate that they are free from negligence. As such, the 1380 Defendants motion for summary judgment dismissing Erin's cross-claims for common law indemnification and contribution is denied.

*[The remainder of this page is intentionally left blank]*

D.  Plaintiff's Cross-Motion for an Order Granting Plaintiff Summary Judgment Against Defendants on Plaintiff's Labor Law 240(1) Claim is Denied

CPLR 3212(a) requires that summary judgment motions "be made no later than one hundred twenty days after the filing of the note of issue, except with leave of the court on good cause shown." The Court of Appeals has held that "CPLR 3212(a) requires a showing of good cause for the delay in making the motion – a satisfactory explanation for the untimeliness – rather than simply permitting meritorious, nonprejudicial filings, however tardy...No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]).

Here, the 120-day deadline for the filing of summary judgment motions was January 27, 2023, accruing from the lifting of the stay on the note of issue which occurred automatically on October 1, 2022, pursuant to the So-Ordered Stipulation filed August 22, 2022 (NYSCEF Doc. 175). Plaintiff did not file their cross-motion seeking summary judgment until February 14, 2023 (NYSCEF Doc. 234). Further, Plaintiff has failed to provide the Court with any explanation for their untimeliness in bringing his cross-motion. As Plaintiff's cross-motion for summary judgment was not timely filed pursuant to CPLR 3212(a), and Plaintiff failed to provide the Court with any explanation for the untimeliness, Plaintiff's cross-motion for an Order Granting Plaintiff summary judgment against Defendants on Plaintiff's Labor Law 240(1) claim, is denied.

Accordingly, it is hereby,

ORDERED that Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation, WFHA King Boulevard L.P., and Winnresidential (NY) LLC's motion for an Order granting summary judgment against Plaintiff Joshua Martinez dismissing Plaintiff's common law negligence and Labor Law § 200 claim, is granted; and it is further

[* 10]

ORDERED that Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation, WFHA King Boulevard L.P., and Winnresidential (NY) LLC's motion for an Order granting summary judgment against Plaintiff Joshua Martinez dismissing Plaintiff's Labor Law 241(6) claim, is denied as moot; and it is further

ORDERED that Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation, WFHA King Boulevard L.P., and Winnresidential (NY) LLC's motion for an Order granting summary judgment on their cross-claims for contractual and/or common law indemnification and breach of contract as against Defendant Erin Construction Development Co., Inc. is denied; and it is further

ORDERED that Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation, WFHA King Boulevard L.P., and Winnresidential (NY) LLC's motion for summary judgment dismissing Defendant Erin Construction Development Co., Inc.'s cross-claims for common law indemnification and contribution, is denied; and it is further

ORDERED that Plaintiff Joshua Martinez's cross-motion for an Order granting summary judgment in Plaintiff's favor and against Defendants/Third-Party Plaintiffs 1380 Housing Development Fund Corporation, WFHA King Boulevard L.P., Winnresidential (NY) LLC, and Erin Construction Development Co. on Plaintiff's Labor Law 240(1) claim, is denied; and it is further

ORDERED that on or before April 2, 2024, the remaining parties are directed to submit a proposed Status Conference Order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference with the Court in room 442, 60 Centre Street, on April 3, 2024 ad 9:30 a.m.; and it is further

ORDERED that within ten (10) days of entry, counsel for Movant shall serve a copy of this Decision and Order with notice of entry upon all parties to this action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/13/2024 | | _Mary V. Rosado JSC_ |
|-----------|--|-----------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|--|---|------------------------|--|--|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |