■ DENNIS GALLOWAY, Appellant-Respondent, v TENTH CITY ASSOCIATES et al., Respondents-Appellants and Third-Party Plaintiffs-Appellants. FLOUR CITY ARCHITECTURAL METALS, DIVISION OF E. G. SMITH CONSTRUCTION PRODUCTS, INC., Third-Party Defendant-Respondent-Appellant and Fourth-Party Plaintiff-Respondent-Appellant; TISHMAN CONSTRUCTION COMPANY, Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendant. [644 NYS2d 30]

Plaintiff was an employee of Tishman Construction Company, which was engaged to do renovation work on a building owned by defendants Tenth City Associates and Bevin D. Koeppel. Plaintiff sustained injury when he slipped and fell while climbing out a window that was being used to gain access to a terrace or "setback" area. The sill of the window is over a foot higher than the setback floor and is about three feet above the floor of the adjoining room. Plaintiff alleges that, as he attempted to step down onto a 1-foot-by-1-foot block of wood covered with snow, which had been placed on the setback floor as a step, the block slid out from under him, causing his fall.

This action was commenced against the owners, asserting, *inter alia*, that the failure to provide "a ramp, stair or rails in order to get to and from [the] setback" constitutes a violation of Labor Law § 240 (1). The owners impleaded Flour City Architectural Metals, a subcontractor, which in turn impleaded Tishman Construction Co., the general contractor, and Heydt Contracting Corp., another subcontractor.

The facts pleaded do not constitute an "elevation-related" hazard as contemplated by Labor Law § 240, which is designed to protect workers from hazards associated with " 'gaining access to or working at sites where elevation poses a risk' " (*Brooks v City of New York*, 212 AD2d 435, 436, quoting *Rocovich v Consolidated Edison*, 78 NY2d 509, 514). Access to a work site located a mere foot or so below the platform on which plaintiff was standing is not one of the "exceptionally dangerous conditions posed by elevation differentials at work sites" for which the statute requires safety precautions (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491). It may, however, comprise a violation of Labor Law § 241 (6), requiring construction areas to be maintained to "provide reasonable and adequate protection and safety" to workers, and plaintiff's cause of action premised upon this section of the statute is viable. Concur—Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.