■ OSCAR NORIEGA, Respondent, v STATE STREET BANK AND TRUST COMPANY OF CONNECTICUT, NATIONAL ASSOCIATION, et al., Appellants, et al., Defendant. [706 NYS2d 107] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 3, 1999, which, to the extent appealed from, denied defendants-appellants' cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant the motion to the extent awarding defendants-appellants summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

The motion court erred in denying defendants-appellants' summary judgment dismissing plaintiff's Labor Law § 240 (1) claim because plaintiff's fall was not, under the circumstances of its occurrence, attributable to the sort of elevation-related

risk against which Labor Law § 240 (1) was intended to afford protection (*see*, *Galloway v Tenth City Assocs.*, 228 AD2d 254, 255). The motion court, however, properly denied defendants-appellants' cross motion for summary judgment insofar as it sought dismissal of plaintiff's Labor Law § 241 (6) claim. Contrary to appellants' arguments in support of dismissing that claim, plaintiff was lawfully frequenting the premises in question at the time of his accident (*see*, 12 NYCRR 23-1.4 [b] [39]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577), and plaintiff's work cleaning office window setbacks may constitute "construction" within the meaning of Labor Law § 241 (6) (*see*, 12 NYCRR 23-1.4 [b] [13]). Finally, in view of factual questions as to whether defendants-appellants had notice of the condition that allegedly caused plaintiff's harm, the motion court properly denied defendants-appellants summary judgment dismissing plaintiff's common-law negligence claim. Concur—Williams, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.