■ HARJINDER SINGH et al., Respondents, v 106-108 BAYARD STREET CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [750 NYS2d 496] —Order, Supreme Court, New York County (Jane Solomon, J.), entered January 7, 2000, which, inter alia, denied defendant's cross motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 241 (6) and § 200 claims, unanimously affirmed, without costs.

Contrary to defendant's contention, the "safety hat" provision of the Industrial Code (12 NYCRR 23-1.8 [c] [1]) is sufficiently concrete and specific in its mandate to support plaintiff's Labor Law § 241 (6) claim (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *and see McByrne v Ambassador Constr. Co.*, 290 AD2d 243). Defendant's argument that plaintiff, at the time of his accident, was not engaged in an activity covered by Labor Law § 241 (6) (*see* 12 NYCRR 23-1.4 [b] [13]; *and see Joblon v Solow*, 91 NY2d 457, 466), is concededly made for the first time on appeal, and we decline to reach it (*see Reliance Natl. Ins. Co. v Sapiens Intl. Corp.*, 243 AD2d 406). Were we to reach it, we would find it meritless (*see Noriega v State St. Bank*, 271 AD2d 313, 314).

In light of Leong's testimony, there is a question of fact as to the owner's supervisory control over the work in question. Accordingly, summary judgment was appropriately denied with respect to Labor Law § 200.

We have considered defendant's remaining arguments and find them unavailing. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.