Arnold v Empire 326 Grand LLC (2022 NY Slip Op 00965)





Arnold v Empire 326 Grand LLC


2022 NY Slip Op 00965


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 22431/17E Appeal No. 15293 Case No. 2021-01616 

[*1]Kareem Arnold, Plaintiff-Respondent,
v
Empire 326 Grand LLC et al., Defendants-Respondents. 326 Grand Realty, Inc., Defendant- Appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York (James M. Strauss of counsel), for appellant.
Pollack Pollack Isaac & DeCicco LLP, New York (Greg Freedman of counsel), for Kareem Arnold, respondent.
Greater New York Mutual Insurance Company, Office of the General Counsel, New York (Jonathan A. Messier of counsel), for Empire 326 Grand LLC and Empire 326 Grand Manager, LLC, respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about October 19, 2020, which, to the extent appealed from as limited by the briefs, denied the motion of defendant 326 Grand Realty, Inc. (Grand) for summary judgment dismissing plaintiff's claims pursuant to Labor Law § 200, for summary judgment against defendants Empire 326 Grand LLC and Empire 326 Grand Manager, LLC (together, Empire) on Grand's common-law indemnity claims, and which sua sponte dismissed as abandoned various Industrial Code provisions pled by plaintiff as predicates to his Labor Law § 241(6) claims, but denied dismissal of Industrial Code (12 NYCRR) § 23-1.7(d) and/or § 23-1.7(e)(1) and (2), unanimously modified, on the law, to dismiss plaintiff's claims pursuant to Labor Law § 200 and common-law negligence, and otherwise affirmed, without costs.
Plaintiff Kareem Arnold was employed by nonparty Infinity Management Corp. (Infinity) to perform drywall taping in apartments located in the newly constructed mixed-use building. The building was owned by defendant Grand but was under a contract of sale to defendant Empire, with a closing date of February 1, 2017. Under the contract of sale, Empire was given access to the premises prior to closing to perform renovations and to stage and lease the apartments. Empire hired plaintiff's employer Infinity to act as general contractor for the renovations. According to the record, Empire did not have any employees at the premises on the date of the accident and did not supervise Infinity's work. Grand had no employees or agents at the premises full time, but an employee of a company related to Grand would occasionally visit the building to check that there were no problems and that everything was clean. The employee visited the building approximately four or five times, approximately twice in the four months prior to the accident, and once during construction. No one employed by Grand regularly supervised the construction ongoing at the premises.
According to plaintiff, on February 1, 2017, approximately one hour after his lunch break ended at 12:45 p.m., he was instructed by his Infinity foreman to proceed to the seventh floor. He entered an apartment as directed. As soon as he turned into the smaller bedroom, he felt himself slipping. He reached out to the wall to brace himself, but instead, he fell to the floor. Plaintiff testified that his coworker "Nigel" had been mopping floors by dumping a large amount of water out and "slop mop[ping]." While he did not see Nigel use the mop in that location, he had seen Nigel regularly mopping floors, Nigel was the only other person on the seventh floor besides him, and the mop and bucket were at that location. According to plaintiff, no one directed him in his work or gave him materials other than Infinity.
Plaintiff commenced this action, alleging causes of action for common-law negligence and pursuant to Labor Law §§ 200, 240(1), and 241(6). In his bill of particulars, [*2]plaintiff alleged violations of the Industrial Code, including § 23-1.30; § 23-1.33(d); § 23-1.5; § 23-1.5(a) and (b); § 23-1.5(b); § 23-1.5(c)(1), (2), and (3); § 23-1.6; § 23-1.7; and § 23-1.7(d) and (e). Grand interposed cross claims against Empire for common-law and contractual indemnity.
Grand moved for summary judgment, seeking dismissal of all plaintiff's Labor Law causes of action as against it and for judgment on its cross claim for common-law indemnity against Empire. Grand argued that it was not an "owner" under the Labor Law because Empire had assumed de facto ownership and control of the property and only Empire oversaw the construction during which plaintiff was injured. Alternatively, as to Labor Law § 200, Grand argued that it did not have notice and it did not control or supervise the means and methods of plaintiff's work.
Plaintiff opposed the motion, arguing that Grand was a proper Labor Law defendant since it was the title owner until about 4:00 p.m. on the day of the accident and the accident occurred just after lunch. With regard to notice, plaintiff argued that Grand failed to meet its prima facie burden as movant by failing to submit evidence of the last time it maintained or inspected the area. Plaintiff asked that the court search the record and grant summary judgment on his claims pursuant to Labor Law § 241(6) as supported by the ancillary Industrial Code rules of § 23-1.7(d) and § 23-1.7(e).
Empire opposed Grand's motion in part, arguing that Grand was a proper Labor Law defendant as the title owner. As for Grand's claim against it for common-law indemnity, Empire argued that there was no evidence that it was in any way negligent.
Supreme Court dismissed plaintiff's Labor Law § 240(1) claim and denied the remainder of Grand's motion. The court found that Grand, which was the title owner of the premises at the actual time of the accident, was a proper Labor Law §§ 200 and 241(6) defendant. The court also found that plaintiff was injured in the greater context of ongoing construction. Regarding the Labor Law § 200 claims substantively, the court determined that Grand had not met its prima facie burden of showing that it did not have constructive notice of the defect; specifically, the court found that it failed to adduce evidence as to its maintenance and inspection activities and failed to show that the condition was not present when it was last on site.
While poured water on a floor can be a hazardous condition, it is undisputed on this developed record that the transient condition of accumulated water on the 7th floor bedroom floor "would not have been present but for the manner and means of . . . [Infinity's employee's] injury-producing work . . . ." (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 145 [1st Dept 2012]). Grand's employee merely had general supervisory authority over the premises; and neither Grand nor Empire directly supervised and/or controlled any work done by Infinity's employees[*3](including plaintiff). Thus, Supreme Court should have granted summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims (see id.). However, based upon Grand's failure to point to any negligence on Empire's part, Supreme Court correctly denied Grand summary judgment on its cross claim for common-law indemnity (see Correia v Professional Data Mgt., 259 AD2d 60 [1st Dept 1999]).
Grand argues for the first time on appeal that the Industrial Code provisions plaintiff pled are ancillary to his Labor Law § 241(6) claim and, we decline to reach it (see Kolakowski v 10839 Assoc., 185 AD3d 427 [2020]; Singh v 106-108 Bayard St. Corp., 300 AD2d 31 [1st Dept 2002]). Whether Labor Law generally, and the Industrial Code specifically, applies to a particular accident is generally a fact-driven inquiry rather than a purely legal issue apparent on the face of the record because it requires resolution of facts not brought to plaintiff's attention on the motion (see Rodriguez v Coalition for Father Duffy, LLC, 112 AD3d 407, 408 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022