■ KEVIN DEVLIN, Respondent, v SONY CORPORATION OF AMERICA et al., Appellants, and NASTASI WHITE, INC., Respondent, et al., Defendants. STRUCTURE TONE, INC., et al., Third-Party Plaintiffs-Appellants, v COYNE ELECTRICAL CONSTRUCTION CO., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [655 NYS2d 762] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 6, 1996, which granted plaintiff's motion for summary judgment against defendants owner and general contractor on the issue of their liability under Labor Law § 240 (1), and granted defendant contractor's cross motion for summary judgment dismissing plaintiff's Labor Law claims as asserted against it, unanimously affirmed, with costs.

"It is well settled that the failure to secure a ladder to insure that it remains stable and erect while the plaintiff was working on it constitutes a violation of Labor Law § 240 (1) as a matter of law" (*MacNair v Salamon*, 199 AD2d 170, 171). Whether the temporary platform on which the ladder stood was sturdy or not is an immaterial issue of fact that does not preclude summary judgment, there being no dispute that defendants failed to have someone secure the ladder or provide any safety devices (*see, Guillory v Nautilus Real Estate*, 208 AD2d 336, 338, *appeal dismissed and lv denied* 86 NY2d 881). However, as against defendant subcontractor, plaintiff's Labor Law claims were properly dismissed in the absence of any evidence that the subcontractor had the authority to supervise or control the work plaintiff was doing (*see, Russin v Picciano & Son*, 54 NY2d 311, 318; *Iveson v Sweet Assocs.*, 203 AD2d 741, 742). Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.