■ RICHARD HART, Respondent, v TURNER CONSTRUCTION COMPANY et al., Appellant. [818 NYS2d 499]—

Order, Supreme Court, New York County (Louis B. York, J.),

entered July 6, 2005, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, and denied defendants' cross motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, unanimously affirmed, without costs.

Plaintiff, in moving for summary judgment as to liability on his Labor Law § 240 (1) claim, met his prima facie burden through testimony that while he performed his assigned work, the eight-foot ladder on which he was standing shifted, causing him to fall to the ground (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]). While defendants contend that the grant of summary judgment to plaintiff was in error because there is a triable issue as to whether plaintiff himself was the sole proximate cause of his alleged harm (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-292 [2003]; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998]), there is no view of the evidence plausibly supporting that contention. We note particularly the absence of any indication that the ladder was secured or that plaintiff was provided with other safety devices that might have protected him.

The denial of summary judgment dismissing the Labor Law § 241 (6) was proper. Plaintiff alleged the violation of sufficiently specific Industrial Code provisions (i.e., 12 NYCRR 23-1.21 [b] [4] [ii]; [e] [3]), and a factual issue is raised as to whether a violation of these provisions was a proximate cause of his injury (*see e.g. Montalvo v J. Petrocelli Constr., Inc., supra*). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.