(March 10, 2009)

■ RAMON VARGAS, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Plaintiff-Respondent-Appellant, v HALMAR BUILDERS OF NEW YORK, Third-Party Defendant-Appellant-Respondent. GRANITE HALMAR CONSTRUCTION COMPANY, INC., Second Third-Party Plaintiff-Appellant-Respondent, v GRAND MECHANICAL CORP. et al., Second Third-Party Defendants-Respondents, and ATLANTIC ROLLING STEEL DOOR CORP., Second Third-Party Defendant-Respondent-Appellant. [874 NYS2d 446]—

Orders, Supreme Court, Bronx County (Janice Bowman, J.; Barry Salman, J.), entered June 12, 2007 and February 19, 2008, which, to the extent appealed from, granted motions for summary judgment dismissing the complaint only to the extent of dismissing the cause of action under Labor Law § 200 while denying such motions insofar as addressed to the causes of action under Labor Law § 240 (1) and § 241 (6) and common-law negligence, denied the motion by defendant/third-party plaintiff-respondent-appellant New York City Transit Authority (NYCTA)

for summary judgment on its third-party claim for contractual defense and indemnification against third-party defendant/ second third-party plaintiff-appellant-respondent Granite Construction Northeast, Inc. formerly known as Granite Halmar Construction Company, Inc. formerly known as Halmar Builders of New York, Inc. (Granite), denied Granite's motion for summary judgment on its third-party claims for contractual defense and indemnification against second third-party defendants-respondents Grand Mechanical Corp. (Grand Mechanical) and Miller Proctor Nickolas, Inc. (Miller Proctor), denied the motion by second third-party defendant-respondent-appellant Atlantic Rolling Steel Door Corp. (Atlantic) for summary judgment dismissing Granite's third-party claim and all cross claims against it, and granted Grand Mechanical's and Miller Proctor's respective cross motions for summary judgment dismissing Granite's third-party claims and all cross claims against them, unanimously modified, on the law, to dismiss the cause of action for common-law negligence, to grant NYCTA summary judgment as to liability on its third-party claim against Granite for contractual defense and indemnification, to grant Granite summary judgment as to liability on its third-party claim for contractual defense and indemnification against Grand Mechanical, to grant Atlantic summary judgment dismissing Granite's third-party claim and all cross claims against it, to deny Grand Mechanical's cross motion to the extent it sought dismissal of Granite's third-party claim for contractual defense and indemnity against it and dismissal of NYCTA's cross claims against it for contractual defense and indemnity and breach of contract, to deny Miller Proctor's cross motion insofar as it sought summary judgment dismissing Grand Mechanical's cross claim for contractual defense and indemnity against Miller Proctor, that cross claim reinstated, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Atlantic dismissing the second third-party complaint and all cross claims as against it.

The subject incident occurred in the course of the construction of a bus maintenance facility owned by NYCTA. Granite, the project's general contractor, hired Grand Mechanical as the HVAC subcontractor. Grand Mechanical hired Miller Proctor to commission, or start up, the facility's boilers. In March 2001, after the boilers had been commissioned, Grand Mechanical called Miller Proctor to address a leak in one of them. Plaintiff, the Miller Proctor employee sent to respond to the call, alleges that, because his employer did not provide him with a ladder, and no others were available at the site, he borrowed one from employees of Atlantic, the project's rolling door subcontractor. Plaintiff

further alleges that, because the A-frame ladder provided by Atlantic, when opened, was not tall enough to enable him to reach the top of the boiler, he climbed the ladder while it was closed and leaning on the spherical boiler. Plaintiff was injured when the ladder collapsed while he was climbing it in this fashion.

As plaintiff does not challenge the dismissal of his cause of action under Labor Law § 200, and as section 200 is merely a codification of the common-law duty imposed on owners and general contractors to maintain a safe construction site (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]), we modify to dismiss plaintiff's causes of action against the owner and general contractor for common-law negligence. However, the motions to dismiss the causes of action under Labor Law § 240 (1) and § 241 (6) were correctly denied. The record does not establish, as a matter of law, that plaintiff's acts were the sole proximate cause of the accident, given the evidence that the unsecured ladder on which he was standing collapsed and that no other safety devices were provided (*see Vega v Rotner Mgt. Corp.*, 40 AD3d 473, 474 [2007], citing *Velasco v Green-Wood Cemetery*, 8 AD3d 88, 89 [2004]), although there was also countervailing evidence. Contrary to the arguments of NYCTA and the third-party defendants, Labor Law § 240 (1) expressly covers "repairing" a building or structure. As to Labor Law § 241 (6), Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (iv) is both applicable and sufficiently specific to support a claim under the statute (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 176 [2004]).

Regarding the third-party claims, the record establishes that NYCTA is entitled to contractual indemnification and defense from Granite, and that Granite is entitled to contractual indemnification and defense from Grand Mechanical, in each case pursuant to the plain terms of the applicable written agreement between the two parties. Since the record contains no evidence that plaintiff's injuries resulted from negligence on the part of either NYCTA or Granite, there is no statutory bar to enforcement of these indemnity agreements. We note, however, that Granite's claim for indemnity and breach of contract against Miller Proctor was correctly dismissed, since Granite and Miller Proctor were not in contractual privity with each other, and the purchase orders constituting the agreements between Grand Mechanical and Miller Proctor do not make Granite a third-party beneficiary thereof, nor do such agreements incorporate by reference the terms of the subcontract between Granite and Grand Mechanical. We reject Grand Mechani-

cal's argument that plaintiff's injuries did not arise from Grand Mechanical's work for the project, since the record establishes that Miller Proctor sent plaintiff to the work site at Grand Mechanical's request, pursuant to the purchase orders between Grand Mechanical and Miller Proctor.

After Grand Mechanical was impleaded into the action, NYCTA asserted cross claims against it for contractual defense and indemnity and for breach of contract, the latter based on Grand Mechanical's alleged failure to procure contractually required insurance coverage for NYCTA. We agree with NYCTA's argument that Supreme Court erred in dismissing these cross claims against Grand Mechanical. The subcontract between Granite and Grand Mechanical expressly incorporated by reference the terms of the prime contract between NYCTA and Granite and made Granite's obligations under the prime contract binding on Grand Mechanical. Accordingly, such cross claims by NYCTA against Grand Mechanical are reinstated.

Since we are reinstating Granite's and NYCTA's claims against Grand Mechanical, we also reinstate Grand Mechanical's cross claim against Miller Proctor solely to the extent that cross claim seeks contractual defense and indemnity. While Grand Mechanical has not taken an appeal, it was not aggrieved by the orders under review, which dismissed all claims against it. We note that Grand Mechanical has not advanced any argument in favor of the viability of a claim for common-law indemnity or contribution against Miller Proctor, which appears to be immunized from such liability by Workers' Compensation Law § 11, given that plaintiff does not allege a "grave injury" under that statute.

Finally, Atlantic was entitled to dismissal of all claims against it. The record establishes that Atlantic, the rolling door subcontractor, was not in contractual privity with plaintiff's employer, that it had no supervision, direction or control over plaintiff's work, and that it had no duty to provide him with equipment adequate for the performance of his work. Accordingly, plaintiff's injuries did not arise from Atlantic's work, and were not caused by any fault attributable to Atlantic. Concur— Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ.

Reargument by Grand Mechanical Corporation granted and, upon reargument, the decision and order of this Court entered on September 9, 2008 (54 AD3d 579 [2008]) is recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied. Reargument by New York City Transit Authority denied.