■ LINDEMBERG CEVALLOS, Appellant, v MORNING DUN REALTY, CORP., Respondent. [911 NYS2d 329]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about October 2, 2009, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) cause of action,

unanimously reversed, on the law, without costs, the motion denied and the cross motion granted.

Defendant, the owner of a residential building, moved for summary judgment on the strength of the deposition testimony of its principal, who stated that he was an absentee owner who retained a managing agent to maintain the building, and of plaintiff. Plaintiff testified that he was employed as a handyman by the managing agent, who instructed him to repair a hole in the ceiling of an apartment and supplied all the materials and equipment for the repair job. The equipment included an old, wobbly ladder lacking rubber material on its footing, which plaintiff had asked the managing agent to replace. Plaintiff testified that his injury occurred when the unsecured ladder collapsed and fell while he was attempting, without assistance, to install sheetrock into the ceiling with a drill while holding it in place with his head.

In light of plaintiff's undisputed testimony that defendant's managing agent failed to provide a suitable safety device and that the failure of the unsecured ladder proximately caused his injury, it was error to grant summary judgment in favor of defendant dismissing the Labor Law § 240 (1) cause of action (*see Vargas v New York City Tr. Auth.*, 60 AD3d 438, 440 [2009]). Moreover, defendant's argument that plaintiff's method of installing the sheetrock was negligent was insufficient, as a matter of law, to defeat plaintiff's cross motion for partial summary judgment. Any negligence on plaintiff's part could not have been the sole proximate cause of his accident, since the accident was caused, at least in part, by defendant's failure to satisfy its statutory duty to provide an adequate safety device to protect plaintiff from the risk of falling (*see Gallagher v New York Post*, 14 NY3d 83 [2010]; *Hart v Turner Constr. Co.*, 30 AD3d 213 [2006]; *Ben Gui Zhu v Great Riv. Holding, LLC*, 16 AD3d 185 [2005]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 175-176 [2004]). There was no evidence that plaintiff either misused an adequate ladder or failed to use a readily available device that would have protected him from a fall (*see Gallagher*, 14 NY3d at 83; *compare Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292 [2003]). Defendant's contention that, as an absentee owner, he did not supervise or control plaintiff's work is irrelevant, since absolute liability follows upon proof that a defendant's breach of its statutory duty proximately caused the accident (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]).

Nor do the arguments advanced by defendant establish its entitlement to summary judgment dismissing the Labor Law

§ 241 (6) cause of action. In opposition to the motion, plaintiff alleged the violation of a sufficiently specific Industrial Code provision (12 NYCRR 23-1.21 [b]) and raised an issue of fact whether the violation proximately caused his injury (*see Hart*, 30 AD3d at 214; *De Oliveira v Little John's Moving*, 289 AD2d 108 [2001]). Although plaintiff did not specifically plead a violation of that Industrial Code provision in his bill of particulars, defendant does not claim any prejudice resulting from the late invocation thereof (*see Latchuk v Port Auth. of N.Y. & N.J.*, 71 AD3d 560, 560-561 [2010]).

The record also presents an issue of fact whether defendant had constructive notice that the ladder was defective, which precludes summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action (*see Chowdhury v Rodriguez*, 57 AD3d 121, 129-131 [2008]; *Higgins v 1790 Broadway Assoc.*, 261 AD2d 223 [1999]). The managing agent's affidavit, which defendant submitted in reply, could not be considered to remedy defects in defendant's motion papers (*see Migdol v City of New York*, 291 AD2d 201 [2002]). Even if it were considered, it would not entitle defendant to summary judgment but would raise issues of fact precluding summary judgment for either party. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.