■ GERALDO RAMOS, Plaintiff, v THE PET MARKET WEST 57TH STREET, INC., et al., Appellants. THE PET MARKET WEST 57TH STREET, INC., Third-Party Plaintiff-Appellant, v BOLESHAW

DUMICZ et al., Third-Party Defendants, and VL ELECTRICAL, INC., Third-Party Defendant-Respondent. [979 NYS2d 569]—Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 19, 2012, which, insofar as appealed from as limited by the briefs, granted third-party defendant VL Electrical, Inc.'s motion for summary judgment dismissing common-law contribution and apportionment claims as against it, unanimously affirmed, without costs.

Although the record presents an issue of fact as to the ownership of the ladder from which plaintiff fell, that issue is not material to the disposition of VL Electrical's motion for summary judgment, since VL Electrical owed no duty to plaintiff, and "had [no] part in causing or augmenting the injury for which contribution is sought" (see *Raquet v Braun*, 90 NY2d 177, 183 [1997]). VL Electrical was not present at the time of the accident, had not supplied plaintiff with the ladder, had no supervision, direction or control over plaintiff's work, and had no duty to provide him with safe equipment (see *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Vargas v New York City Tr. Auth.*, 60 AD3d 438, 441 [1st Dept 2009]).

We have considered defendant's and third-party plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.