Sotelo v TRM Contr., LP (2023 NY Slip Op 00190)

Sotelo v TRM Contr., LP

2023 NY Slip Op 00190

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 150865/16, 595676/17, 595871/19, 595006/20 Appeal No. 17119 Case No. 2021-03836 

[*1]Cristian Sotelo, Plaintiff-Appellant,
v
TRM Contracting, LP, et al., Defendants-Respondents. (And Third-Party Actions.)

Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 30, 2021, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law claims, unanimously reversed, on the law, without costs, and plaintiff granted summary judgment on liability on his Labor Law § 240(1) claim.
Contrary to defendants' contention, plaintiff's motion was not premature. Defendants failed to demonstrate that facts essential to justify opposition to plaintiff's motion were within the exclusive knowledge of plaintiff, the moving party (see CPLR 3212[f]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). Defendants' argument is also undermined by their own failure to use the time and the opportunity they had to obtain whatever third-party testimony they needed in order to oppose plaintiff's motion (see Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021]).
The court should have granted plaintiff partial summary judgment on the Labor Law § 240(1) claim because there were no factual issues as to whether the ditch into which plaintiff allegedly fell actually existed at the time of the accident. Plaintiff testified that he fell into a ditch that was covered with a tarp-like material while on his way to the bathroom. The testimony of plaintiff's employer and defendants' project manager, and the post-accident photos submitted by defendants did not adequately establish the absence of a ditch at the time of the accident and, therefore, were insufficient to raise a triable issue of fact.
Defendants also failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. Defendants contend that plaintiff chose to use a bathroom further away from his workstation and attempted to cross over the ditch without first inspecting the covering that had replaced the plank before stepping on it. However, these circumstances still demonstrate that plaintiff's accident was the result of the absence of a safety device, and raise only an issue as to plaintiff's comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]; Cevallos v Morning Dun Realty, Corp., 78 AD3d 547, 548 [1st Dept 2010]).
The fact that plaintiff was the only witness to his accident does not preclude summary judgment in his favor, as nothing in the record controverted his account of the accident or called into question his credibility (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]).
In view of the foregoing, the issue of defendant's liability on plaintiff's other claims is academic (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023