## Hao Sheng Zhou v Rockaway Hotel Owner LLC

2025 NY Slip Op 32164(U)

June 17, 2025

Supreme Court, New York County

Docket Number: Index No. 156652/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART 33M |
| *Justice* | |

-----------------------------------------------------------------X

HAO SHENG ZHOU,

Plaintiff,

- v -

ROCKAWAY HOTEL OWNER LLC,COMALLA
CONSTRUCTION LLC,JBS PROJECT MANAGEMENT
LLC,A&B HEATING AND AIR CONDITIONING INC.,

Defendant.

-----------------------------------------------------------------X

ROCKAWAY HOTEL OWNER LLC, COMALLA
CONSTRUCTION LLC

Plaintiff,

-against-

JDP DESIGN CONSTRUCTION, INC.

Defendant.

-----------------------------------------------------------------X

ROCKAWAY HOTEL OWNER LLC, COMALLA
CONSTRUCTION LLC, JBS PROJECT MANAGEMENT LLC

Plaintiff,

-against-

A&B HEATING AND AIR CONDITIONING, INC.

Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156652/2020 |
| MOTION DATE | 06/19/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 596057/2020

Second Third-Party
Index No. 596057/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 95, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 146, 147, 148, 155, 156, 157, 158, 163

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, and after a final submission date of April 15, 2025

Defendant/Second Third-Party Defendant A&B Heating and Air Conditioning, Inc.'s ("A&B

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  001**

Page 1 of 7

[* 1]

1 of 7

Heating") motion for summary judgment dismissing the Second Third-Party Complaint asserted against them, along with all cross-claims, is granted. Third-Party Defendant JDP Design Construction Inc.'s ("JDP Design") cross motion for summary judgment dismissing Plaintiff's claims and any third-party claims or cross claims asserted against JDP is granted in part and denied in part.

## I.     Background

On December 14, 2019, Third-Party Defendant JDP Design Construction, Inc. ("JDP Design") employed Plaintiff Hao Sheng Zhou ("Plaintiff") as carpenter at a project constructing the Rockaway Hotel (the "Premises"). The general contractor at the Premises was Comalla (NYSCEF Doc. 67 at 29). Plaintiff testified he climbed a six-foot aluminum ladder to take measurements on the first-floor ceiling at the Premises when he fell off the ladder, which shook and wobbled (NYSCEF Doc. 65 at 79-80; NYSCEF Doc. 66 at 25). The ladder was old, and Plaintiff was concerned about its sturdiness because the metal braces, which locked the ladder in position, were bent (NYSCEF Doc. 65 at 99-101). When Plaintiff fell, the ladder fell with him (NYSCEF Doc. 66 at 25).

At the time of Plaintiff's accident, there were many different trades working at the Premises, including plumbers, sheet rockers, electricians, framers, and HVAC mechanics (NYSCEF Doc. 67 at 34-35). Comalla contracted JDP Design as a framer and sheet rocker while A&B Heating was contracted to complete HVAC work (NYSCEF Doc. 67 at 39). According to JDP's foreman, Plaintiff fell from a blue ladder owned by A&B Heating (NYSCEF Doc. 69 at 80). A JDP employee present at the time of Plaintiff's fall likewise testified Plaintiff fell from a blue ladder (NYSCEF Doc. 70 at 53). A&B Heating's witness stated it was not their blue ladder involved in Plaintiff's accident, but a silver ladder (NYSCEF Doc. 68 at 21). Plaintiff admitted he

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**          **Page 2 of 7**
Motion No. 001

2 of 7

did not know who the ladder belonged to, and admitted he was told not to use other contractors' tools (NYSCEF Doc. 66 at 121).

A&B Heating seeks summary judgment dismissing Plaintiff's Complaint and the Second Third Party Complaint asserted against it which Plaintiff and Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs Rockaway Hotel Owner LLC ("Hotel"), Comalla, and JBS Project Management LLC ("JBS Project Management") oppose. JDP Design cross-moves for summary judgment dismissing Plaintiff's Complaint, the Third-Party Complaint, and any crossclaims, asserted against it, which is opposed by Plaintiff and Hotel, Comalla, and JBS Project Management.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. A&B Heating's Motion

A&B Heating's motion for summary judgment dismissing Plaintiff's Labor Law §§ 240(1), 241(6) and 200 claims asserted against it is granted. As a preliminary matter, no party explicitly opposes this portion of A&B Heating's motion, instead vaguely opposing A&B Heating's motion

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  001**

**Page 3 of 7**

[* 3]

3 of 7

on the grounds that A&B Heating could be held liable under a theory of negligence for placing a defective ladder at the Premises. However, this opposition is not targeted towards A&B's statutory liability under Labor Law §§ 240(1) and 241(6), and therefore these claims may be dismissed as abandoned (*see, e.g. Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]).

Assuming, *arguendo*, that there was particularized opposition to dismissal of the Labor Law §§ 240(1) and 241(6) claims asserted against A&B Heating, First Department precedent would still require dismissal. A&B Heating, which was a subcontractor with no supervisory duty or control over Plaintiff or his work, does not qualify as an "owner, general contractor, or statutory agent" for purposes of imposing liability under Labor Law §§ 240(1) and 241(6) (*see Villanueva v 80-81 & First Associates*, 141 AD3d 433, 434 [1st Dept 2016]; *Kennan v Simon Property Group, Inc.*, 106 AD3d 586, 589 [1st Dept 2013]). Indeed, it is undisputed that A&B Heating, which was not present at the Premises on the date of Plaintiff's accident, was contracted to perform HVAC work, while Plaintiff was injured during the course of his employment with JDP Design and was carrying out a task expressly instructed by JDP Design. Thus, there is no basis through which A&B Heating qualifies as an "owner, general contractor or statutory agent" under Labor Law §§ 240(1) and 241(6). Therefore, these claims against A&B Heating are dismissed.

Likewise, the Labor Law § 200 claim must be dismissed against A&B Heating as it did not exercise supervision or control over the means and methods of Plaintiff's work (*Cappabianca v Skanska USA Bldg., Inc.*, 99 AD3d 139, 143-44 [1st Dept 2012]). The common law negligence claim against A&B Heating must also be dismissed. A&B Heating did not owe any duty to Plaintiff or his employer as A&B Heating was not in a contractual relationship with either of those parties (*see Dibrino v Rockefeller Center North, Inc.*, 230 AD3d 127, 132-33 [1st Dept 2024] citing *Espinal v Melville Snow Contrs., Inc.*, 98 NY2d 136, 138 [2002]). It is undisputed that A&B

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  001**

Page 4 of 7

Heating did not supply Plaintiff with a ladder, nor did it ever give Plaintiff or his employer permission to use its ladder. Therefore, even if Plaintiff did use A&B Heating's ladder, A&B cannot be considered to have launched an instrument of harm when Plaintiff used the ladder without instruction or permission from A&B to do so (*Dibrino, supra at* 134; *see also Ramos v Pet Market West 57th Street, Inc.*, 114 AD3d 423, 424 [1st Dept 2024] citing *Vargas v New York City Tr. Auth.*, 60 AD3d 438, 441 [1st Dept 2009]).

Because Plaintiff's direct claims against A&B Heating fail, the cross claims asserted against A&B Heating and the claims asserted against A&B Heating in the Second-Third party Complaint all must be dismissed as they are contingent on a finding of negligence against A&B Heating. The undisputed evidence shows that Plaintiff's injury did not arise out of A&B Heating's work or its negligence. Indeed, nobody on the project even notified A&B Heating about Plaintiff's accident until months after it occurred. Accordingly, A&B Heating's motion for summary judgment is granted.

### C. JDP Design's Cross Motion

JDP Design's motion for summary judgment dismissing Hotel and Comalla's Third-Party Complaint asserted against it is granted. There are only two causes of action asserted against JDP Design – contractual indemnification and breach of contract for failure to procure insurance. However, JDP Design does not owe Hotel and Comalla contractual indemnification. A contract imposing an obligation to indemnify is to be strictly construed, and a Court will not read into an indemnification clause a duty to indemnify where there is none (*Needham & Company, LLC v UPHealth Holdings, Inc.*, 212 AD3d 561, 561 [1st Dept 2023]). The indemnification clause at issue, found in Section 4.1 of the subcontract executed between Comalla and JDP Design (NYSCEF Doc. 93), reads:

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  001**

Page 5 of 7

5 of 7

"To the fullest extent permitted by law, Subcontractor shall defend and hold harmless Contractor, Owner and all entities identified as indemnified parties in the Prime Contract, and all parties listed herein at Exhibit 'E', and their members, directors, officers, employees, agents and representatives (hereinafter "Indemnitees") from and against all claims, damages, losses and expenses, including but not limited to, attorney's fees and expenses, arising out of or resulting from, in whole or in part, the performance of the Work or the misconduct of Subcontractor, anyone retained by Subcontractor or anyone for whom the Subcontractor is liable, regardless of whether or not it is caused in part by a party indemnified hereunder. This indemnification agreement includes, but is not limited to, any such claims, damages, losses and expenses attributable to bodily injury, sickness, disease or death, or injury to or desaturation of real or tangible property, including the loss of use resulting there from. Such obligation…Subcontractor, however, shall not be required to indemnify any Indemnitee to the extent attributable to the negligence of such Indemnitee."

The "Work" is defined in Exhibit B to the subcontract as masonry work, including filling in structural and non-structural CMU block walls, installing lintels, bond beams, grout filled blocks, epoxied dowels rebar, etc. The plastering and carpentry work which Plaintiff was engaged in was pursuant to a separate purchase order not included in the subcontract containing the indemnification clause (*see* NYSCEF Doc. 136). That purchase order is not mentioned in the subcontract, was executed after the subcontract, and does not incorporate any terms from the subcontract. Nor does the purchase order contain an indemnification clause.

Construing the indemnification clause strictly, as this Court must, the Court finds that there was no agreement to indemnify related to the work Plaintiff was carrying out pursuant to the purchase order. Therefore, the motion for summary judgment dismissing the contractual indemnification claim is granted. Because JDP Design has no obligation to indemnify Hotel and Comalla for Plaintiff's accident, there can be no breach of contract claim for failure to procure insurance, as there is no agreement by JDP Design to insure and to indemnify Hotel and Comalla for losses that arose out of the work conducted by Plaintiff. Because the Third-Party claims against JDP Design have been dismissed, JDP Design's motion for summary judgment dismissing

**156652/2020  ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No. 001**

**Page 6 of 7**

[* 6]

6 of 7

Plaintiff's Complaint is denied as academic. Because the third-party claims against JDP Design are dismissed, there is no viable mechanism through which Plaintiff's claims may flow through to JDP Design.

Accordingly, it is hereby,

ORDERED that Defendant/Second Third-Party Defendant A&B Heating and Air Conditioning, Inc.'s motion for summary judgment dismissing the Complaint and Second-Third Party Complaint, along with any and all crossclaims asserted against it, is granted; and it is further

ORDERED that Third-Party Defendant JDP Design Construction Inc.'s cross-motion for summary judgment dismissing the Third-Party Complaint asserted against it is granted, and Third-Party Defendant JDP Design Construction Inc.'s cross-motion for summary judgment dismissing Plaintiff's Complaint is denied as academic; and it is further

ORDERED that within ten days of entry, counsel for Defendant/Second Third-Party Defendant A&B Heating and Air Conditioning, Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/17/2025 | | | | _Mary V Rosado JSC_ | |
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| | x | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156652/2020   ZHOU, HAO SHENG vs. ROCKAWAY HOTEL OWNER LLC**
**Motion No.  001**

Page 7 of 7