Arias v Brooks Holdings Corp. (2026 NY Slip Op 01841)

Arias v Brooks Holdings Corp.

2026 NY Slip Op 01841

Decided on March 26, 2026

Appellate Division, First Department

RODRIGUEZ, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton
Lizbeth González Manuel Mendez Julio Rodriguez III Bahaati E. Pitt-Burke

Index No. 154787/19|Appeal No. 5544|Case No. 2024-04313|

[*1]Nelson Arias, Appellant,
vBrooks Holdings Corp., Respondent. Brooks Holdings Corp., Third-Party Plaintiff-Respondent,

Plaintiff appeals from an order of Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 25, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim.

Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for appellant.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Eric S. Schlesinger of counsel), for Brooks Holdings Corp., respondent.
Acito, Klein & Candiloros, P.C., New York (Lana S. Klein and William N. Candiloros of counsel), for David Lamb and Jessica Lamb, respondents.

RODRIGUEZ, J. 

Peter H. Moulton, J.P.
Lizbeth González
Manuel J. Mendez
Julio Rodriguez III
Bahaati E. Pitt-Burke, JJ.
Appeal No. 5544
Index No. 154787/19
Case No. 2024-04313nelson arias,
Plaintiff-Appellant,
against-brooks holdings corp.,
Defendant-Respondent.
______brooks holdings corp.,Third-Party Plaintiff-Respondent,
against-David lamb et al.,
Third-Party Defendants-Respondents.
Plaintiff appeals from an order of Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 25, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for appellant.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Eric S. Schlesinger of counsel), for Brooks Holdings Corp., respondent.
Acito, Klein & Candiloros, P.C., New York (Lana S. Klein and William N. Candiloros of counsel), for David Lamb and Jessica Lamb, respondents.
RODRIGUEZ, J.
In this appeal, the parties dispute whether plaintiff is entitled to summary judgment on his Labor Law § 240 (1) claim where the accident was caused by an explosive electrical discharge. Because there are questions of fact as to whether a statutory violation proximately caused the accident, Supreme Court properly denied summary judgment.I.
On October 6, 2016, plaintiff Nelson Arias was employed as a construction helper by nonparty New York Interior Construction. Plaintiff and several colleagues (including another helper, a plumber, and an electrician) were working to renovate one unit in the cooperative apartment building located at 91 East End Avenue in Manhattan. At around 3:00 p.m., the electrician told plaintiff and the other helper to run an electrical line from the unit's kitchen to the building's utility room two rooms away. Plaintiff told his helping partner that he was going over to the utility room to receive the electrical line. Additionally, he told his partner to wait, because plaintiff "want[ed] to set up the ladder[], climb, and then we can start." Plaintiff said he would call his partner on his cell phone when he was ready.
Plaintiff then went to the utility room by himself and set up an eight-foot aluminum A-frame ladder. He placed it facing the building's electrical panel, which was uncovered. The ladder was in good condition, level, and standing on all four feet.[FN1] Plaintiff stated that he did not notice any issues with the ladder's feet or steps. He also stated that, as he climbed, the ladder did not move in any way. Plaintiff ultimately reached the second or third rung from the top, and from this level the electrical panel was about two to three feet above him. Although plaintiff had not yet called his partner, the wire suddenly came through from the ceiling, hitting the electrical panel. The wire "snapped like a whip, . . . touched the inside of the open panel[,] and an explosion occurred." The explosion caused a loss of power to the entire building.
The explosive discharge [FN2] occurred no more than two feet away from plaintiff's face. Before it occurred plaintiff was holding the ladder with his left hand, but in reaction to the discharge he grabbed on with both hands. Plaintiff and the ladder then fell. As plaintiff described at his deposition:
Q: And what happened after the wire came in contact and you said an explosion occurred?
A: An explosion occurred, yes, so after that, the force of the explosion pushed me, me and the ladder, we fell.
Q: And did you fall off the ladder or did the ladder fall with you or something else?
A: It fell with me.
Q: Can you describe for me how you fell, did you fall backwards, to the side, forwards, or something else?
A: Since I was holding, the force pushed us, and I guess while we were coming - - falling, it was to the right side.
Plaintiff suffered injuries from the fall, primarily to his right ankle. He was not shocked by the electricity, and he did not suffer any burns.
II.
Plaintiff brought this action against defendant building owner Brooks Holding Corp. alleging, as relevant here, injuries caused by a violation of Labor Law § 240 (1). Defendant Brooks brought third-party claims, including for contractual indemnification, against unit owners David Lamb and Jessica Lamb, as the Lambs had hired plaintiff's employer New York Interior Construction to perform the work.
After discovery, plaintiff moved for summary judgment on his Labor Law § 240 (1) claim. Plaintiff relied principally on his deposition testimony, as there were no witnesses to the accident. Among other things, plaintiff argued that the circumstances properly supported a presumption that the ladder was not properly secured (see e.g. Kosavick v Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288 [1st Dept 2008], citing Panek v County of Albany, 99 NY2d 452, 458 [2003]). Accordingly, plaintiff maintained that his deposition testimony established a prima facie showing of liability under Labor Law § 240 (1) and that the record otherwise contained no triable issues of fact.
Defendant Brooks opposed, arguing that plaintiff failed to meet his prima facie burden. Specifically, Brooks asserted, given that the precipitating event for the accident was the electrical explosion, there was no evidence tending to show that a violation of Labor Law § 240 (1) was a proximate cause of plaintiff's injuries (see Duda v Rouse Constr. Corp., 32 NY2d 405, 410 [1973] ["Violation of the statute alone is not enough; plaintiff was obligated to show that the violation was a contributing cause of his fall and there was no proof of that essential element here"]; see also Melber v 6333 Main St., 91 NY2d 759, 762-764 [1998]). Brooks further contended that precedent from the Court of Appeals applied to prevent summary judgment in plaintiff's favor, especially where plaintiff failed to submit an expert affidavit in support of his claim (see Cutaia v Board of Mgrs. of the 160/170 Varick St. Condominium, 38 NY3d 1037, 1039 [2022]; Nazario v 222 Broadway, LLC, 28 NY3d 1054, 1055 [2016]).
Third-party defendants David Lamb and Jessica Lamb opposed as well. In particular, they incorporated defendant Brooks's arguments and emphasized that Labor Law § 240 (1) covers only gravity-related risks and injuries (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015]).
Supreme Court denied plaintiff's motion for summary judgment. Observing that plaintiff failed to support his motion with any expert affidavit, the court found that plaintiff failed to meet his initial burden. The court further held that summary judgment was precluded by the record's issues of fact, including as to whether the ladder could have been braced or secured to prevent the accident.
Plaintiff appealed, and we now affirm.
III.
A.
On appeal, plaintiff contends that his fall from the ladder demonstrates a violation of Labor Law § 240 (1) because the ladder failed to remain stable and erect during the work (see e.g. Devlin v Sony Corp. of Am., 237 AD2d 201 [1st Dept 1997]; Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381 [1st Dept 1996]). Plaintiff relies on a number of cases where the plaintiff's ladder suddenly moved or shifted (see e.g. Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]; Hart v Turner Constr. Co., 30 AD3d 213, 214 [1st Dept 2006]), yet he acknowledges that the accident here occurred "as a result of the electrical explosion created by the wire making contact with the exposed wiring of the electrical box."Plaintiff thus argues, among other things, that Supreme Court should have awarded him summary judgment based on the record's demonstration as a matter of law that (1) the explosion caused the accident by exerting a force upon both plaintiff and the ladder, which caused the ladder to move and fall, (2) the ladder provided inadequate protection, including by its lack of securing, and (3) the ladder's inadequacy was a proximate cause of the accident.
As it did below, Brooks argues that applicable authority from the Court of Appeals precludes summary judgment to plaintiff (see Cutaia, 38 NY3d 1037; Nazario, 28 NY3d 1054). Brooks highlights that plaintiff's testimony affirmatively demonstrated not that the ladder was defective, but rather that it was in good working order; indeed, plaintiff testified that the ladder was opened, locked, placed on flat cement, and in good working condition immediately before the accident. Accordingly, Brooks concludes, there is no evidence of the ladder's inadequacy. Further, Brooks argues, in the absence of such evidence, plaintiff was required to submit expert testimony in support of his prima facie showing, yet he did not do so (see Nazario, 28 NY3d 1054). Brooks otherwise contends that plaintiff's relied-upon authority is distinguishable because the ladder did not suddenly shift or move (see e.g. Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568 [1st Dept 2018] ["unsecured ladder . . . suddenly slipped out"]) and the ladder was not struck by construction materials (see e.g. Avila v Saint David's Sch., 187 AD3d 460, 460 [1st Dept 2020] ["unsecured ladder [the plaintiff] was using to remove a ceiling was struck by a piece of falling metal debris, causing him and the ladder to fall to the ground"]).
Third-party defendants David Lamb and Jessica Lamb largely join the arguments of Brooks and similarly rely to a significant extent on Cutaia and Nazario. In addition, they continue to stress that the protections of Labor Law § 240 (1) apply to a narrow class of dangers (see Nicometi, 25 NY3d 90, 96-97). The Lambs further argue that summary judgment to plaintiff is unwarranted since this record fails to demonstrate as a matter of law that the relevant danger could even have been addressed by the kinds of safety devices and precautions contemplated by Labor Law § 240 (1) (see Nazario v 222 Broadway, LLC, 135 AD3d 506, 514-515 [1st Dept 2016], [Tom, J., concurring] ["it is far from clear that the provision of a device enumerated in Labor Law § 240(1), or any similar safety device, would adequately protect against a force quite capable of knocking a worker from even the best ladder or scaffold"], affd as modified 25 NY3d 1504 [2016]).Plaintiff replies that he is entitled to summary judgment whether the explosion caused a force upon both him and the ladder or only upon him, because in the latter case the force culminated in the ladder coming down as plaintiff held on (see e.g. Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 531 [1st Dept 2021] ["statute was violated under any version of the accident"]). Plaintiff ultimately contends that because "the ladder fell over as a result of the explosion created by the contact of the live wire with the [electrical panel]," a presumption of the ladder's inadequacy rightly applies (see e.g. Kosavick, 50 AD3d at 288).B.
Labor Law § 240 (1) provides in relevant part that with respect to workers engaged in certain construction-related activities:
"All contractors and owners and their agents . . . shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection . . . ."
"Section 240 (1) aims to 'protect workers and to impose the responsibility for safety practices on those best situated to bear that responsibility' " (Nicometi, 25 NY3d at 96, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). "To achieve that goal, the statute 'imposes absolute liability where the failure to provide [proper] protection is a proximate cause of a worker's injury' " (Nicometi, 25 NY3d at 96, quoting Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662 [2014]). "[P]roper protection" is "the heart of the statute" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 285 [2003]).
To that end, the statute "imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015], citing Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). The "section creates a liability that is strict, or absolute, in two senses: the duty it imposes is nondelegable, . . . and where an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill, 4 NY3d at 39, citing Blake, 1 NY3d 280; see Encarnacion v 3361 Third Ave. Hous. Dev. Fund Corp., 176 AD3d 627, 629 [1st Dept 2019]).
Although "[s]ection 240 (1) should be 'construed as liberally as may be for the accomplishment of [its] purpose' " (Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014], quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]; see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33 [2017]), "[i]t is still necessary . . . for the plaintiff to show that the statute was violated and that the violation proximately caused his injury" (Cahill, 4 NY3d at 39; see Blake, 1 NY3d at 287-289; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 402 [1st Dept 2013]).
The nature of an accident may itself be probative as to whether protection was inadequate and whether the lack of proper protection proximately caused a worker's injuries. For example, "[i]n cases involving ladders or scaffolds that collapse or malfunction for no apparent reason," there is "a presumption that the ladder or scaffolding device was not good enough to afford proper protection" (Blake,1 NY3d at 289 n 8; see O'Brien,29 NY3d at 33, citing Blake, 1 NY3d at 289 n 8). As a result, often the circumstances of an accident are sufficient to carry a worker's prima facie burden in support of summary judgment on liability (see e.g. Castro v Brito, 235 AD3d 527, 529 [1st Dept 2025] [wooden ladder collapsed during descent]; Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 444 [1st Dept 2022] [while the plaintiff plastered wall, ladder "moved from under him for no apparent reason"]; Sanchez, 195 AD3d 531, 531 [testimony that the plaintiff "fell 20 feet to the ground when scaffold planks on which he was working broke or came loose showed prima facie that his injuries were proximately caused by a violation" of the statute]; Kebe v Greenpoint-Goldman Corp., 150 AD3d 453, 454 [1st Dept 2017] [ladder with two missing rubber feet wobbled, spun, and fell over]; see also Viruet v Purvis Holdings, LLC, 198 AD3d 587, 588 [1st Dept 2021] [expert evidence not a requirement for summary judgment under Labor Law § 240 (1)]; Ortega v City of New York, 95 AD3d 125, 128 [1st Dept 2012] ["a plaintiff merely has to demonstrate that he or she was injured when an elevation-related safety device failed to perform its function to support and secure him from injury"]).
Where the circumstances of an accident are not themselves probative of a statutory violation, a plaintiff may demonstrate their entitlement to summary judgment through other evidence that the protection provided was inadequate or that safeguards were required but absent (see e.g. Myiow v City of New York, 143 AD3d 433, 436-437 [1st Dept 2016] [summary judgment properly awarded to the plaintiff upon his "showing that he was provided with a safety harness, but that it proved to be inadequate because there was no location where the harness could be secured"]; cf. Nazario, 135 AD3d at 512 [Tom, J., concurring] [the record "contains no such unrebutted evidence" of what protection the plaintiff should have been afforded, "prompting plaintiff's resort to the conclusory assertion that the mere fact he fell from a ladder establishes that the safety devices furnished to him were inadequate to provide proper protection"]).
Of course, summary judgment will not appropriately lie unless there are no questions of fact as to the adequacy of worker safeguards or the necessity of other precautions (see e.g. Nazario, 28 NY3d at 1055 [questions of fact "as to whether the ladder failed to provide proper protection, and whether plaintiff should have been provided with additional safety devices"]; Palermo v 7 West 21 LLC, 192 AD3d 560, 561 [1st Dept 2021]; Morera v New York City Tr. Auth., 182 AD3d 509, 509-510 [1st Dept 2020]). Proximate causation, as the other component of Labor Law § 240 (1) liability, may likewise be unfit for summary determination depending on an accident's particulars (see e.g. Cahill, 4 NY3d at 39-40 [discussing worker recalcitrance and sole proximate cause]; Blake, 1 NY3d at 290-292 [same]) or the presence of triable issues of fact (see Morera,182 AD3d at 509-510; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The parties here correctly focus on two decisions from the Court of Appeals illustrating circumstances unsuitable for summary judgment on a Labor Law § 240 (1) claim—namely, Nazario (28 NY3d 1054) and Cutaia (38 NY3d 1037). Both decisionsconcern Labor Law § 240 (1) claims predicated upon electric shock-induced falls. Their respective analyses are thus of significant aid here notwithstanding the absence of a direct shock to plaintiff Arias.
In Nazario, the "plaintiff was performing electrical work as part of a retrofitting or renovation, and was reaching up while standing on the third or fourth rung of a six-foot A-frame wooden ladder, when he received an electric shock from an exposed wire" (Nazario, 135 AD3d at 507). He then "fell to the floor, holding the ladder, which remained in an open, locked position when it landed" (id.). The Court of Appeals unanimously held in a brief memorandum decision that the plaintiff was "not entitled to summary judgment under Labor Law § 240 (1)," since "[q]uestions of fact exist[ed] as to whether the ladder failed to provide proper protection, and whether plaintiff should have been provided with additional safety devices" (Nazario, 28 NY3d at 1055).
This Court's majority decision and concurrence in Nazario provide additional context. Significantly, the Nazario plaintiff conceded that the ladder was not defective (see Nazario, 135 AD3d at 511 [Tom, J., concurring] [noting concession]; see also id. at 507 [majority observing that "the ladder itself may not have been defective"]). Moreover, the plaintiff failed to adduce specific proof, from an expert or otherwise, that he "should have been provided with additional safety devices" (id. at 513 [Tom, J., concurring]; see Cutaia, 38 NY3d at 1046 [Wilson, J. dissenting] [describing lack of evidence in Nazario]). Consequently, although it was sufficient for the Nazario Courtto resolve the appeal by identifying triable issues of fact, there is also significant support for the conclusion that the plaintiff was not entitled to summary judgment based on simple failure to meet his prima facie burden (see Nazario, 28 NY3d at 1055-1056 [omitting assessment of the plaintiff's prima facie showing]).
Next, in Cutaia, the plaintiff was working on an A-frame ladder "attempting to connect two pipes" when he "received an electric shock and fell to the ground" (Cutaia, 38 NY3d at 1038). Noting that the "[p]laintiff d[id] not remember anything about his fall, including whether he lost consciousness, whether the ladder fell to the ground, or whether he was thrown from the ladder after being electrocuted," the Court of Appeals held that summary judgment was unwarranted (id. at 1038-1039). "[A]gree[ing] with the dissent below," the Court held that "[t]he conclusory expert affidavit did not meet plaintiff's burden of establishing proximate cause as a matter of law" (id., citing Cutaia, 172 AD3d at 428-429 [Tom, J., dissenting]). Several questions of fact precluded summary judgment as well (see Cutaia, 38 NY3d at 1039 ["whether 'the ladder failed to provide proper protection,' whether 'plaintiff should have been provided with additional safety devices,' and whether the ladder's purported inadequacy or the absence of additional safety devices was a proximate cause of plaintiff's accident"], quoting Nazario, 28 NY3d at 1055).
C.
As mentioned above, there is no dispute that plaintiff's accident was occasioned by an explosive electrical discharge. Moreover, plaintiff testified that the ladder was in good condition, level, and standing on all four feet, and also that it did not move as he ascended it. Despite plaintiff's insistence to the contrary, this appeal implicates neither a "collapse or malfunction for no apparent reason" (Blake, 1 NY3d at 289 n 8) nor the resulting "presumption that the ladder or scaffolding device was not good enough to afford proper protection" (id.). A majority of plaintiff's cited authority is therefore inapposite (see e.g. Daniello v J.T. Magen & Co., Inc., 239 AD3d 516, 517 [1st Dept 2025] [the plaintiff's "jolt" from "unexpected drop of a ceiling tile that he was handling" resulted "in a 'wiggle' in the ladder"]; Rodas-Garcia, 225 AD3d at 556 [ladder "suddenly moved"]; Pinzon, 211 AD3d at 443 [ladder "suddenly moved to the left, causing" the plaintiff's fall]; Tuzzolino, 160 AD3d at 568 ["unsecured ladder . . . suddenly slipped out"]; Rom v Eurostruct, Inc., 158 AD3d 570, 570 [1st Dept 2018] ["unsecured ladder . . . suddenly shifted and kicked out from underneath"]; Kebe, 150 AD3d at 454 [ladder "wobbled during its use," "two of the ladder's rubber feet were missing," and "the ladder spun and fell over"]).[FN3] Nazario applies more squarely. As discussed, there the plaintiff was not entitled to summary judgment due to the presence of several triable issues of fact (see Nazario, 28 NY3d at 1055). The record also lacked evidence concerning whether the plaintiff "should have been provided with additional safety devices and [whether] the failure to do so was a contributing cause of the accident" (Nazario, 135 AD3d at 513 [Tom, J., concurring]; see Nazario,28 NY3d at 1055; see also Blake, 1 NY3d at 287-289). Summary judgment was appropriately denied, then, even though the plaintiff "hung onto the ladder" and the ladder "fell to the ground" with the plaintiff "because it was not secured to something stable" (Nazario, 135 AD3d at 508). As in Nazario, plaintiff here failed to submit any evidence—whether by his own testimony or through an expert opinion—addressing gravity-related safety devices or precautions that might have prevented his fall (see e.g. Moises-Ortiz v FDB Acquisition LLC, 242 AD3d 550, 551 [1st Dept 2025]; see also Cutaia, 38 NY3d at 1046-1047 [Wilson, J. dissenting] [describing lack of evidence in Nazario]).
The remaining cases on which plaintiff relies are distinguishable. For example, plaintiff cites Devlin v Sony Corp. of Am. (237 AD2d 201 [1st Dept 1997]) and related authority for the proposition that "failure to secure a ladder to insure that it remains stable and erect while the plaintiff was working on it" in and of itself "constitutes a violation of Labor Law § 240 (1) as a matter of law" (id. at 201). This sweeping rule is controverted by Nazario, however, since there summary judgment was not warranted (see Nazario,28 NY3d at 1055) despite the ladder's clear failure to remain steady and erect (see Nazario, 135 AD3d at 508 [ladder and the plaintiff "fell to the ground"]).
More precise is the articulation of Kijak v 330 Madison Ave. Corp.: "failure to properly secure a ladder, to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (251 AD2d 152, 153 [1st Dept 1998] [emphasis added]; see Blake, 1 NY3d at 285 ["proper protection" is "the heart of the statute"]). Applied here, the record did not demonstrate as a matter of law that the ladder was improper or inadequate for the potential harm directly flowing from the work's gravity-related risks (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603-604 [2009]), even liberally interpreted (see Zimmer, 65 NY2d at 521). Nor was the manner of the accident itself sufficient to carry plaintiff's prima facie burden. Accordingly, on this record—that is, where plaintiff testified that the ladder was in good working order, the magnitude of the accident's precipitating explosive electrical discharge is unclear, and there is "no expert testimony or other evidence that the ladder he was provided was inadequate or that another safety device would have prevented his fall" (Cutaia, 38 NY3d at 1047 [Wilson, J., dissenting])—summary judgment in plaintiff's favor on his Labor Law § 240 (1) claim was properly denied.
Even assuming plaintiff carried his initial burden, questions of fact remain "as to whether 'the ladder failed to provide proper protection,' whether 'plaintiff should have been provided with additional safety devices,' and whether the ladder's purported inadequacy or the absence of additional safety devices was a proximate cause of plaintiff's accident" (Cutaia,38 NY3d at 1039, quoting Nazario, 28 NY3d at 1055).
Accordingly, the order of the Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 25, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, should be affirmed, without costs.
Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about June 25, 2024, affirmed, without costs.
Opinion by Rodriguez, J. All concur.
Moulton, J.P, González, Mendez, Rodriguez, Pitt-Burke, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026

Footnotes

Footnote 1: In describing how he set up the ladder, plaintiff testified that he "secured the arms." The meaning of this statement under the circumstances is not exactly clear.

Footnote 2: The parties variously refer to the event as an explosion, a blast, and an electric arc. As for this last description, information from the United States Occupational Safety and Health Administration provides some useful background: "An electric arc is a type of electrical explosion. The electric arc produces a bright flash . . . [and] an explosive blast, or arc blast, that produces deafening sound, supersonic concussive forces, and superheated shrapnel" (Occupational Safety and Health Administration, Protecting Employees from Electric-Arc Flash Hazards at 1, https://www.osha.gov/sites/ default/files/publications/OSHA4472.pdf [last accessed Mar. 3, 2026]). Controlled electric arcs of lesser magnitudes have commercial applications, as in arc welding (see e.g. Industrial Code [12 NYCRR] § 23-1.25 [d] ["When arc welding is performed near other persons, such other persons shall be protected from the arc rays by opaque screens or by approved eye protection."]).

Footnote 3: See also e.g. Sanchez, 195 AD3d at 531 ("scaffold planks . . . broke or came loose"); Faver v Midtown Trackage Ventures, LLC, 150 AD3d 580, 580 (1st Dept 2017) (the plaintiff testified that "he was hit in the arm by an electrical wire that shot out of a section of conduit pipe after being jammed inside, causing the unsecured ladder he was standing on to wobble, which resulted in plaintiff losing his balance and falling to the ground"); DelRosario v United Nations Fed. Credit Union, 104 AD3d 515, 515 (1st Dept 2013) ("ladder wobbled and moved"); Cuentas v Sephora USA, Inc., 102 AD3d 504, 504 (1st Dept 2013) ("ladder . . . was both unsteady . . . and too short to enable him to reach the window he was cleaning"); Kosavick, 50 AD3d at 288 ("unsecured A-frame ladder . . . suddenly struck by a section of pipe"); Hart, 30 AD3d at 214 (ladder "shifted"); Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 173-174 (1st Dept 2004) (falling ductwork casing struck "both the ladder and plaintiff," causing the ladder "to shake"); Bonanno v Port Auth. of N.Y. & N.J., 298 AD2d 269, 269-270 (1st Dept 2002) (ladder "slid away" on "oily" machine room floor"); Schultze, 228 AD2d at 381 (ladder "slipped out"); Rodriguez v New York City Hous. Auth., 194 AD2d 460, 462 (1st Dept 1993) (ladder "slipped and gave way"); Urrea v Sedwick Ave. Assoc., 191 AD2d 319, 320 (1st Dept 1993) ("failure to secure . . . against slippage").